HOWARD vs. MANSFIELD and another.

*Construction of Statutes — Jurisdiction of Justices.*

1. While the court will not do violence to the terms of a law in order to give effect to the supposed legislative intent, yet where that intent can be better secured by a more strict and literal construction of the statute than might otherwise be required, such construction will be adopted.

2. Under ch. 30, Laws of 1870, and *before* ch. 242, Laws of 1871, justices of the peace had jurisdiction of "actions arising out of *contract, express or implied,* wherein the debt or balance due, or damages claimed, should not exceed *two hundred* dollars;" and also of "actions on a

note, bill, bond, or other *instrument in writing* given for the payment of money or other valuable article, for any amount exceeding one hundred dollars, which had been reduced, by credits or payments indorsed thereon, to an amount *not exceeding one hundred dollars.*" *Held*, that this latter clause will be construed strictly and literally, and that a justice had jurisdiction where the suit was on two notes, the amount due on *each* of which was less than $100, though the aggregate exceeded that sum.

APPEAL from the Circuit Court for *St. Croix* County.

Plaintiff appealed from a judgment dismissing his action. The nature of the action and the question presented by the appeal sufficiently appear from the opinion.

*H. A. Wilson*, for appellant.

*Baker & Spooner*, for respondents.

DIXON, C. J.    This action was commenced and tried before a justice of the peace in the year 1870, after the act published March 8, 1870, ch. 30, laws 1870, was in force, and before the passage and publication of the act approved March 24, 1871, chapter 142, laws 1871.    It was a suit to recover upon two promissory notes for the sum of sixty dollars each, with interest thereon at the rate of seven per cent. per annum for about five years.    An appeal was taken from the judgment of the justice to the circuit court, where upon motion of the defendants the action was dismissed for want of jurisdiction by the justice over the subject matter thereof.    From that judgment of dismissal this appeal has been taken by the plaintiff.    To properly understand the question presented, we have but to open to sections five and six, 2 Taylor's Statutes, page 1352, and reading subdivision 1 of section five as it there reads, and subdivision 1 of section six as if the words, " one hundred dollars," were substituted where the words " two hundred dollars " occur, and we shall have the law as it stood before the act of 1871 was passed and when this action was commenced and tried before the justice.    The law at that time accordingly was that a justice should have jurisdiction of actions arising or growing

Howard vs. Mansfield and another.

out of contract, express or implied, wherein the debt or bal-
lance due or damages claimed should not exceed two hundred
dollars, but of actions on a note, bond, bill or other instrument
given for the payment of money or other valuable article, his
jurisdiction should be limited to one hundred dollars, or to
cases where the note, etc. sued upon, was given for a sum not
exceeding one hundred dollars, or had been reduced, by cred-
its or payments endorsed thereon, to an amount not exceeding
that sum. The point thus presented would seem rather to be
whether we are to give a strict or a liberal construction to the
language of subdivision 1 of section six. If strictly construed
it would apply only to actions on one single note or bill where
the amount due or sum claimed exceeded one hundred dollars,
and so would exclude the jurisdiction of justices only in that
class of actions, leaving them to exercise jurisdiction under
subdivision 1 of section five of all other actions upon such
instruments up to the sum of two hundred dollars, as being
actions upon contract express, within the meaning of the latter
subdivision. This is the position taken by counsel for the
plaintiff, that, the action being upon *two* notes, neither of which
exceeded one hundred dollars and both together not amounting
to two hundred dollars, the justice had jurisdiction as upon ex-
press contract under subdivision 1 of section five. This court is
inclined to take the same view and to construe the provision of
section six literally and that of section five liberally, if one
pleases, in order to extend and uphold the jurisdiction of the
justice. We are the more inclined to do this for the reason we
think it strictly in harmony with the spirit and intent of the act
of 1870 and which, because it failed to carry out, and by mis-
take no doubt, the full intention of the legislature, led to the
passage of the act of 1871 to correct such mistake and make
the law complete and harmonious as the legislature originally
designed it should be. It would be absurd to suppose that the
legislature intended to discriminate between different kinds of ex-
press contracts for the payment of money, so that justices should

have jurisdiction to the amount of two hundred dollars on some and only one hundred dollars on others, and we know the legislature did not so intend.   Hence the propriety of the construction we have given, which approaches as nearly as possible to the intention of the legislature and at the same time does no violence but adheres to the literal reading of the statute which must always be regarded as correct under such circumstances. We cannot rectify the mistakes or omissions of the legislature, but, not departing from the letter of the law, we can apply it so as most effectually to subserve the evident intent of the law making powers.

*By the Court.* — Judgment reversed and cause remanded for further proceedings according to law.