WILLIAM H. SOUDER *vs.* THE HOME FRIENDLY SOCIETY
OF BALTIMORE.

*Life insurance— Variance—Final judgment.*

A person who has an insurable interest in the life of another, may effect an insurance thereon, and under the Act of 1829, ch. 51, can assign the policy, being a *chose in action*, to one who has no such interest, and recovery can be had on it by such assignee.

In an action to recover on life certificates issued to the plaintiff by the defendant insurance company, the declaration alleged that the certificates were made payable to the plaintiff on the death of the insured, and that the defendant was bound to pay the sum of $1000 on each of them by means of an assessment, &c., whereas they were payable to the plaintiff if living at the death of the insured, and the agreement was to pay within ninety days after satisfactory proof of death. HELD :

That this constituted a variance.

It is error to render final judgment while an issue remains untried.

APPEAL from the Superior Court of Baltimore City.

The declaration in this case was as follows: William H. Souder, by his attorneys, John V. L. Findlay and Thomas Mackenzie, sues the Home Friendly Society of Baltimore, Maryland, a body corporate, duly organized and established under the laws of this State: For that the said society issued its three several certificates, commonly called "Policies of Insurance," on the life of one Samuel Herman, for the proceeds of an assessment upon the surviving members of the society not to exceed one thousand dollars each, and made the same payable to the plaintiff, as assignee or creditor, on the performance by the said Herman of the stipulations and conditions as severally set forth in said certificates;

which said stipulations and conditions have been fully performed and kept; whereby the plaintiff became and was entitled to be paid the amount agreed to be paid to him on each of the said certificates whenever the said Herman should die.　And the plaintiff further saith, that the said Herman died sometime in the month of November, in the year eighteen hundred and eighty-eight, and that the defendant had due notice of his death, and that the several sums, as expressed in the said certificates, are now due and payable to the plaintiff, but the defendant, though often requested, refuses to pay the plaintiff.

2. And for that one John Alexander Sibbet, being the son-in-law of the said Samuel Herman, and the said Herman also being indebted to him in a large sum of money, did insure the life of the said Herman sometime in the month of May, in the year eighteen hundred and seventy-seven, for the sum of three thousand dollars, in the Home Mutual Life Association of Pennsylvania, and took as an evidence of the same an instrument in writing, commonly known as a "Policy of Insurance," and the said Sibbet being indebted to the plaintiff in a large sum of money, assigned the said policy of insurance to the plaintiff, as security for the indebtedness aforesaid, and the plaintiff paid all the dues and assessments on the same, amounting to over eleven hundred dollars, and continued to pay said dues and assessments down to the year eighteen hundred and eighty-seven, when the said Home Friendly Society of Baltimore, agreed to assume the risk taken by the said Home Mutual Life Association of Pennsylvania, on the life of the said Herman, and in accordance with this agreement, issued its three certificates for the proceeds of an assessment upon the surviving members of the society not to exceed a thousand dollars each, which said certificates severally were expressly declared by writing, endorsed on the same to

be issued, and as taking the place in part of Policy Number 388, in the said Home Mutual Life Association; that appearing to be the number of the policy originally taken on the life of Mr. Herman by the said Sibbet in the said association, and were made payable on the death of the insured, to the plaintiff as assignee or creditor, and on the performance by the said Herman of all the stipulations and conditions as expressed and prescribed in said certificates, and particularly on the payment of all dues and mortuary assessments as the same accrued and became payable. And the plaintiff further saith, that the said Herman died sometime in the month of November, in the year eighteen hundred and eighty-eight, and that the defendant had due notice of his death, and that the said Herman complied with all the conditions and stipulations agreed to be performed by him, and that he paid all the dues and assessments as they became due and payable on the said certificates, with money furnished by the plaintiff, which said dues and assessments as paid to the said Home Friendly Society of Baltimore, the defendant, amounted to nearly three hundred dollars, in addition to the sum of over eleven hundred dollars, previously paid on account of the same insurance to the said Home Mutual Life Association of Pennsylvania; and the plaintiff says, that by reason of the premises the defendant is bound, and ought to pay to him the sum of a thousand dollars on each of the said certificates by means of an assessment to be levied on the surviving members of the society, but refuses to perform its obligation in the premises.

3. And for that one John Alexander Sibbet, insured the life of his father-in-law, Samuel Herman, who was also indebted to him in a large sum of money, in the Home Mutual Life Association of Pennsylvania, for the sum of three thousand dollars, and took from the said association as an evidence of the transaction an instru-

ment in writing commonly known as a "policy of insur-
ance," supposed to bear date May 29th, 1877, and to be
numbered as 388; and the said Sibbet afterwards becom-
ing indebted to the plaintiff in a large sum of money,
assigned the said policy as security for the said indebted-
ness to the plaintiff, and the plaintiff thereafter paid to
the said association all the dues and assessments of
whatsoever kind necessary to be paid in order to keep
the said policy alive, down to the year eighteen hundred
and eighty-seven, at which time the Home Friendly
Society of Baltimore, the defendant, undertook to assume
the risk on the life of the said Herman originally under-
taken by the said association, and issued in lieu of the
said policy, which was then surrendered for cancellation,
three certificates, each bearing date the 26th of October,
1887, whereby the said society, for the consideration
therein set forth, constituted the said Herman a member
of said society, subject to its constitution and by-laws,
and agreed within ninety days after satisfactory proof of
his death, to pay to the plaintiff, assignee and creditor,
(meaning thereby assignee and creditor of the said Sib-
bet, as heretofore alleged and set forth,) if then living,
the proceeds of an assessment on all surviving members
of the society not to exceed the sum of one thousand
dollars, subject to the conditions as set forth in said
certificates. And the plaintiff says, that the said Her-
man has deceased; that satisfactory proof of his death
was furnished to the society within the time prescribed;
that all the promises, conditions and stipulations made
and agreed upon were fully and faithfully performed
and kept by the insured, but the defendant refuses to
comply with its engagement, to the great prejudice and
damage of the plaintiff.

4. And for money payable to the plaintiff on account
of money received by the defendant for the use of the
plaintiff.

Souder *vs.* Home Friendly Society.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, IRVING, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J.

*John V. L. Findlay,* for the appellant.

*Robert D. Morrison,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

The appellant brought suit against the appellee to recover certain sums of money alleged to have become due and payable by reason of an insurance of the life of one Samuel Herman. The appellee demurred to three counts in the declaration and the demurrers were sustained. We will give our opinion on the questions in controversy without at present making any particular examination of the pleadings. The facts, on which our opinion is desired, appear to be as follows: Herman, the deceased, was indebted to one Sibbet, who was his son-in-law; Sibbet in eighteen hundred and seventy-seven insured Herman's life for three thousand dollars in the Home Mutual Life Association of Pennsylvania, and assigned the policy of insurance to the plaintiff (now appellant) to secure a large sum of money, which he owed him; the plaintiff paid the dues and assessments on the policy, and continued to pay them until eighteen hundred and eighty-seven, when the defendant (now appellee) agreed to assume the risk taken by the Pennsylvania Company on the life of Herman, and in accordance with this agreement issued three certificates for the proceeds of an assessment to be levied at his death upon its surviving members, not to exceed a thousand dollars for each certificate; and they were declared by writing endorsed on them to be issued for the purpose of taking the place, in part, of Policy No. 388, in the Home Mutual Life

Association of Pennsylvania, which was thereupon surrendered; these certificates were made payable to "W. H. Souder, assignee and creditor, if then living," within ninety days after satisfactory proof of the death of Herman. Herman is dead; and we understand that the sole question now in controversy is whether the plaintiff acquired a right of action on these certificates.

It is not questioned that Sibbet as creditor of Herman had the right to insure his life. And we regard it as fully settled in this State that he could assign the policy to Souder. This question has been decided differently elsewhere, but the opinion of this Court in *Rittler vs. Smith, Adm'x*, 70 *Md.*, 265, settles the law for us. In that case it was said: "In support of the view taken by the appellee's counsel, cases have been cited in which it has been held that the assignee of a life policy, who has *no insurable interest* in the life, stands in the same position as if he had originally taken out the policy for his own benefit. In other words, the contention is that the assured himself can make no valid absolute assignment of his policy to one who has no insurable interest in his life. But our own decisions are opposed to this. It is settled law in this State that a life insurance policy is but a *chose in action* for the payment of money, and may be assigned as such under our Act of 1829, ch. 51. *New York Life Ins. Co. vs. Flack*, 3 *Md.*, 341; *Whitridge vs. Barry*, 42 *Md.*, 150. It is quite a common thing for the bond or promissory note of a private individual, to be sold through a broker to a *bona fide* purchaser, for less than its face value ; and when the latter takes an assignment of it, without recourse, he becomes its absolute owner, and is not bound to refund to the vendor anything he may recover upon it over and above what he paid for it. So a life policy being a similar *chose in action* may be disposed of and assigned in the same way, provided the assent of the insurer is obtained where it is so stipu-

Souder *vs.* Home Friendly Society.

lated in the instrument. In such case the assignee must of course keep the policy alive by the due payment of premiums, if he wishes to realize anything from it. Such an assignment is valid in this State, if it be a *bona fide* business transaction and not a mere device to cover a gaming contract."

There was, therefore, no infirmity about Souder's title to the Pennsylvania policy; no rule of law or public policy impeached his right to recover upon it. This defendant contracts to assume the responsibility of the Pennsylvania Company; it binds itself to fulfil the engagement which that Company was legally bound to perform. It finds a legal and perfectly legitimate contract in existence, and for adequate consideration undertakes to perform it. We regard this as the substance of the transaction. Undoubtedly Souder did not have an insurable interest in Herman's life; and if these certificates should be considered separately and alone, without any connexion with the other portions of the contract between these parties, they would not confer a right of action on Souder. But such is not the real condition of the case. Souder surrenders a valid cause of action against the Pennsylvania Company, and in consideration of such surrender, this defendant agrees to do what the Pennsylvania Company would have been obliged to do. It was simply the substitution of the liability of one defendant in the place of another.

We have given our opinion on the facts as we have been able to gather them from the record, and have taken into view the life certificates appearing therein; because our opinion seemed to be desired on these matters by the counsel on both sides. But we do not consider this certificate as forming a part of the declaration; it is not incorporated in it either actually or by words of reference. We will now apply what we have said to the counts which were demurred to; confining ourselves en-

tirely to what is stated on their face. We perceive no error in the second and third counts. We think it proper to remark, however, that the second count does not in all respects correspond with the life-certificates, and that in case of a trial, there may be some difficulty, unless it is amended. It states that the certificates were made payable to the plaintiff on the death of the insured, and that the defendant was bound to pay the sum of a thousand dollars on each of them by means of an assessment, &c.; whereas they are payable to the plaintiff *if living at the death of the insured,* and the agreement is to pay within ninety days after satisfactory proof of death. These differences may appear to be minute, but they would support an objection on the ground of *variance,* when the certificates are offered in evidence under this count. We think that the first count is defective, because it does not state facts sufficient to show that Souder sustained any relation either to the deceased, or to the defendant, which authorized the issue to him of these life certificates.

The Court rendered judgment on the demurrers against the plaintiff for costs. There were four counts in the declaration; to the fourth count there was a plea, and issue was joined. We are persuaded that the judgment in this case was rendered through inadvertence. When the Court sustained the demurrers, it ought to have proceeded to the trial of the issue under the fourth plea, and after verdict thereon, the judgment in the case ought to have been rendered. If the judgment and verdict had been in favor of the plaintiff, his appeal would still have lain; because a party can always appeal from a judgment in his favor if there has been an error which diminishes the amount claimed to be due to him. In this case final judgment was rendered while an issue remained untried.

*Judgment reversed, and*