103  243
h114 274
103  243
118  286

Mrs. C. D. CROCKER v. Mrs. ANNIE HOGIN, Appellant.

**Assignment of Insurance Certificate: DEFENSES BY INSURER.** McClain's Code, section 3262, providing that when, by the terms in an instrument its assignment is prohibited, "the assignment of it shall nevertheless be valid," but the maker may avail himself of any defense or counter-claim against the assignee which he may have had against the assignor, applies to life insurance policies and certificates of mutual benefit associations.

SAME. The assignee of a mutual benefit certificate cannot, where the assignment is void and no recovery can be had against the society, recover the amount of the certificate from a trustee to whom the society voluntarily paid it, to be held by him until the rights of the original beneficiary and the assignee should be determined.

SAME. Acts Twenty-first General Assembly, chapter 65, section 7, provides that no association, "organized or operating" under it shall issue certificates unless the beneficiary is the wife, relative, legal representative, heir, or legatee of the insured member, and that an assignment of such certificate shall be void. A certain association issued a certificate upon the life of a husband. At the time, its articles of incorporation prohibited the assignment of any certificate in payment of or security for debt. Husband and wife assigned the certificate as security for debt. *Held*, the assignment is absolutely void as against the wife, in a suit between her and the assignee, over the proceeds of the policy, if said association was operating under said act, though it had not fully complied with its provisions.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FRIDAY, OCTOBER 15, 1897.

THIS is a controversy over the rights of the respective parties to a fund now in the hands of a trustee, the avails of a policy of insurance or certificate of membership in the Ancient Order of United Workmen of the State of Iowa, issued to one George B. Hogin during his lifetime, and in which Annie B. Hogin was the beneficiary. The trial court found the plaintiff was

entitled to the larger part of the money by virtue of an assignment of the policy to her, and defendant appeals.—*Reversed.*

*Ayres, Woodin & Ayres* for appellant.

*Bishop, Bowen & Fleming* and *Nourse & Nourse* for appellee.

DEEMER, J.—In the year 1882 the Grand Lodge of the Ancient Order of United Workmen, a mutual benefit association, doing business on the assessment plan, issued to George B. Hogin a certificate of membership, in which it agreed to pay to his wife, Annie B. Hogin, in case of his death, the amount named in the certificate. In 1890 a new certificate for the sum of two thousand dollars was issued in lieu thereof, in which Mrs. Hogin was the beneficiary. In 1889 George B. Hogin borrowed of the plaintiff one thousand dollars, and executed his note therefor; and on the same day he, with his wife, executed to plaintiff the following assignment: "We, George B. Hogin and Annie B. Hogin, husband and wife, of Pasadena, California, in consideration of C. D. Crocker, of Los Angeles, California, having loaned said George B. Hogin one thousand dollars, and said George B. Hogin and Annie B. Hogin hereby assign our right, title, and interest to the life insurance policy hereto attached, being numbered 12,705, for two thousand dollars, to the said C. D. Crocker. The purpose of said assignment is to secure payment of the one thousand dollars, heretofore referred to, to the said C. D. Crocker, Pasadena, Cal." This assignment was attached to the first certificate, and the certificate, with the assignment, was delivered to plaintiff. In 1890 the note was renewed, and some small payments have since been made upon it. George

B. Hogin died on the sixth day of February, 1895, leaving his wife and two children surviving. The society made no question as to its liability, but refused to pay the amount of the insurance to Mrs. Hogin because she could not surrender the certificate assigned to plaintiff. Thereupon a stipulation was made between the parties, by which one Martin was to receive the money as trustee, and hold it until the rights of the contending parties were determined. The validity of the assignment of the certificate is questioned upon two grounds, to-wit: (1) It is said that, by the terms of the constitution and by-laws of the grand lodge, the assignment was prohibited; (2) that the laws of the state in force at the time the assignment was made prohibited such contracts. The articles of incorporation and by-laws of the Ancient Order of United Workmen provided that, when the certificate issued, no certificate should in any manner be assigned in payment or as security for any debt, and also provided that the beneficiary might be changed to some legal member of the family of the assured by the assent of the association, but not otherwise. The association is making no defense. It has recognized its liability, and has paid the money to the trustee, in order that the controversy between these litigants may be settled.

Plaintiff, as assignee, is seeking to recover upon a contract which, by its terms, is non-assignable. That she may do so seems to be settled by statute,—McClain's Code, section 3262,—which provides "that when by the terms of an instrument, its assignment is prohibited, the assignment of it shall nevertheless be valid, but the maker may avail himself of any defense or counter-claim against the assignee which he may have had against the assignor." This statute applies to policies of insurance. *Mershon v. Insurance Co.*, 34 Iowa, 87. And the Code expressly recognizes the

validity of such assignments or arrangements. See
McClain's Code, section 3576, which provides, in effect,
that any sum of money made payable by any benevolent
society upon the death of the member is not subject to
the debts of the deceased except by special contract or
arrangement. The assignment was and is valid, unless
it contravenes some statute, or is contrary to public
policy. It has frequently been held that certificates,
such as the one in question, are *choses* in action, and
are assignable, and that action thereon may be brought
in the name of the assignee. *De Ronge v. Insurance Co.*,
23 N. J. Eq. 486; *Collins v. Dawley*, 4 Colo. 138; *Merrill
v. Insurance Co.*, 103 Mass. 252; *Souder v. Friendly Soc.*,
72 Md. 511 (20 Atl. Rep. 137); *Bussinger v. Bank*, 30
Wis. 75 (30 N. W. Rep. 290); *Brown v. Mansus*, 64
N. H. 39 (5 Atl. Rep. 768); *Martin v. Stubbings*, 126 Ill.
Sup. 387 (18 N. E. Rep. 657).

Chapter 65 of the Acts of the Twenty-first General
Assembly relates to the organization and operation of
mutual benefit associations, and requires of all corpora-
tions or associations organized under the laws
of the state upon the mutual assessment,
co-operative, or natural premium plan, for
purpose of insuring the lives of individuals, or of
furnishing benefits to widows, heirs, orphans, or
legatees of deceased members, compliance with the
provisions of the chapter before commencing busi-
ness. The act further provides, in section 7 thereof,
that "no corporation or association organized or
operating under the act shall issue certificates *
* * unless the beneficiary * * * shall be
the husband, wife, relative, legal representative, heir
or legatee of such insured member; nor shall any such
certificate be assigned, * * * and any certificate
issued or assignment made in violation of this section
shall be void. Any member of any corporation, associa-
tion or society operating under this act, shall have the

right at any time, with the consent of such corporation, association or society, to make a change in his beneficiary without requiring the consent of such beneficiary." The act also relieved companies already duly incorporated and operating under the laws of the state from reincorporating, and further provided that it should not relieve any corporation or assessment association then doing business in the state from the fulfillment of any contract theretofore entered into with its members, and further relieved such companies from the operation of the general insurance laws of the state regulating life insurance. The Grand Lodge of the Ancient Order of United Workmen was doing business in the state under certain amended articles of incorporation adopted in the year 1884, as a charitable or benevolent institution, under chapter 40 of the Acts of the Fifteenth General Assembly, and continued to do business under these articles until July 1, 1893, when it filed its report with the auditor of state, and for the first time received authority to do business under the Acts of the Twenty-first General Assembly. Its articles provided that it was organized for the purpose of creating a fund to be paid upon the death of a member, and that no certificate should be made payable to any person not a member of the family or heir of the member, and that no certificate should be in any manner assigned in payment of or as security for any debt. It is clear that section 7 of chapter 65 of the acts before quoted expressly avoids the assignment of the certificate if the association is of the class included in the act. That it is, is demonstrated by a consideration of section 20 of that act, which is as follows: "Any corporation or association doing business in this state which provides in the main for the payment of death losses or accident indemnity by any assessment upon its members or upon the natural premium plan, shall, for the purpose of this

act, be deemed a mutual benefit association, and shall not be subject to the general insurance laws of this state, regulating life insurance." It is said, however, that the Ancient Order of United Workmen organization did not comply with the provisions of the act, and was not operating thereunder at the time the certificate was assigned, and that for this reason section 7 does not apply. If the controversy were between plaintiff and the association, there might possibly be some force in the position. But this is not the true status. The association is neutral as between the parties to this suit, and neither plaintiff nor defendant should be prejudiced because of failure of the association to comply with the law. If the insurance or indemnity is of the kind and character contemplated by the act, the statute should apply to a controversy between the claimants of the avails thereof. The fact that the lodge was not complying with the insurance laws of the state should not prejudice the defendant's rights to the benefits provided. We regard it as entirely immaterial that the society was not complying with the law. Again section 7 is made to apply to all associations operating under the act. That the grand lodge was operating under it, although not fully complying with all its provisions, is clear; and we are of opinion that the act applies, and that the assignment was and is void. As supporting our conclusions, see *Briggs v. Earl,* 139 Mass, 473 (1 N. E. Rep. 847); *Basye v. Adams,* 81 Ky. 368; Bacon, Benevolent Societies, sections 311, 312. The case of *Grimes v. Legion of Honor,* 97 Iowa, 315, is not in conflict with these views. This statute is not for the benefit of the society, and does not in any manner affect its ultimate liability. Violation of section 7 would be no defense to an action brought by the designated beneficiary. The only effect of that part of it relating to assignment

is to render such assignment void. An unauthorized and void assignment does not affect the policy. In the case of *Wendt v. Legion of Honor*, 72 Iowa, 682, we said, in discussing an attempted change of beneficiary made by the assured, that the provisions of the certificate relating to change of beneficiary were binding upon all claimants under the certificate. See, also *Stephenson v. Stephenson*, 64 Iowa, 534.

That the money was voluntarily paid to a trustee by the Ancient Order of United Workmen can make no difference in the rights of the parties. If appellee could not have recovered the benefits promised, by direct action against the association, she ought not to recover them in this action. *Ballou v. Gile*, 50 Wis. 614 (7 N. W. Rep. 561). The general assembly enacted the prohibition we are considering for the purpose of preserving to the designated beneficiaries the benefits to be derived from insurance in such associations, and not only limited the persons who might profit by membership therein, but expressly prohibited assignments of the certificates. It is not important to consider the reasons which led to, nor the policy of, such legislation. That it exists, and renders void all such assignments as are relied upon by appellee is plain, and our duty to enforce it is equally clear. The judgment of the district court is REVERSED.