C. E. MARKER et al., Appellants, v. J. R. QUINLAN, Sheriff, et al., Appellees.

**JUSTICES OF THE PEACE:** Jurisdiction—Series of Notes. A justice of the peace has jurisdiction to render judgment in separate actions on a series of five promissory notes, each of which is for a sum over $100, but not exceeding $300, even though said notes were all executed at the same time and *represented one single indebtedness;* each note containing a consent to jurisdiction up to $300.

**Headnote 1:** 35 C. J. p. 524 (Anno.)

*Appeal from Greene District Court.*—M. E. HUTCHISON, Judge.

APRIL 7, 1925.

ACTION seeking an injunction to restrain the defendant sheriff from selling certain real estate upon execution, the contention of plaintiffs being that the judgments upon which the executions were issued, were void. The trial court dismissed the plaintiffs' petition, and they appeal.—*Affirmed.*

*Brown McCrary* and *J. F. Gallup,* for appellants.

*Graham & Osborn* and *Howard & Sayres,* for appellees.

FAVILLE, C. J.—Prior to the year 1921, appellant H. M. Marker was indebted to one Wiggins in the sum of $1,118.96. On April 14, 1921, all of said indebtedness being past due, Wiggins sought to secure from Marker a demand note for the full

amount then due. The matter was finally arranged between the parties, whereby it was agreed that Marker should give a series of notes representing said indebtedness, and that said notes should run directly to the Farmers & Merchants National Bank, which had agreed to accept the notes, if signed by Marker, and to pay the amount due thereon to Wiggins. In .pursuance of this arrangement, Marker executed five notes, all of which were made payable to the Farmers & Merchants National Bank. Two of said notes were for the principal sum of $250 each, and were due in thirty days from the date thereof; two were for $250 each, due in sixty days from the date thereof; and one was for $118.96, and due in sixty days from date. Marker fully understood the transaction at the time, and knew that the notes were payable to the bank, and that Wiggins received credit for the face of the notes. Each of the notes contained a clause to the effect that the maker thereof consented that a justice of the peace should have jurisdiction of a suit upon said note to the amount of $300.

After all of said notes became due, suit was brought on said notes before a justice of the peace. Five separate actions were started, and the original notices were served separately; separate petitions were filed; and, the defendant in said action having been duly defaulted, separate judgments in each cause to the amount due on each of the said several notes were duly entered by the justice of the peace. Each of the said five judgments were thereafter transcripted to the office of the clerk of the district court of Greene County, Iowa, and duly entered of record in said office. Separate executions were issued upon each of said judgments, and placed in the hands of appellee sheriff, by whom levy was made upon property belonging to appellant and judgment debtor, Marker. This action was brought to restrain the sheriff from selling said real estate.

The sole question presented in this case is whether or not, upon said state of facts, the judgments are void because of a want of jurisdiction on the part of the justice of the peace to enter the same.

Appellant's contention is that the five notes that were sued upon represented a single transaction and a single indebtedness; and that the execution of the five notes was a mere splitting up

of the cause of action; and that the justice of the peace could not have jurisdiction to enter five separate judgments upon the five notes which represented a single indebtedness, when the aggregate of the judgments so entered was more than $300, and hence beyond the statutory jurisdiction of a justice of the peace.

We cannot acquiesce in the contention of appellant in regard to this matter. There is no claim whatever of any fraud or mistake on the part of the parties to the transaction. Appellant Marker gave the five notes in question directly to the bank, for the purpose of procuring the money to satisfy his indebtedness to Wiggins. By "written consent" embodied in the instruments, he agreed with the bank that a justice of the peace should have jurisdiction upon each of said notes, not to exceed the sum of $300. The instruments were negotiable. The payee therein could readily have negotiated the notes to five different parties, each of whom would have had a separate cause of action thereon against appellant, and, by the terms of the instruments, a justice of the peace would have had jurisdiction of a cause of action on any one of said notes.

It is to be noticed that the justice of the peace obtains jurisdiction in a case of this kind because of the *written consent* of the party embodied in the instrument. This is not like a case where the holder of a continuous and entire book account, without agreement of the parties, attempts to separate and divide the account, to form a basis for several suits, as was the situation in *Williams-Abbott Elec. Co. v. Model Elec. Co.,* 134 Iowa 665.

The authorities upon the question involved in the instant case are not altogether in harmony; but the weight of authority and the better reasoning sustain the conclusion that, where a party has executed a series of promissory notes, in each of which is embodied a written consent conferring jurisdiction upon a justice of the peace to the statutory limit, suit on one of said notes is not a bar to recovery upon the other notes in the series, although they originated out of the same indebtedness, and although the aggregate of the notes is in excess of the jurisdiction of a justice of the peace. See *Herrin v. Buckelew,* 37 Ala. 585; *Fortescue v. Spencer,* 24 N. C. 63; *Luce v. Shoff,* 70 Ind. 152; *Winer v. Bank of Blytheville,* 89 Ark. 435 (117 S. W. 232);

also, *Howard v. Mansfield*, 30 Wis. 75; *McDowell County Bank v. Wood*, 60 W. Va. 617 (55 S. E. 753).

The case does not come under the rule of *Kilmer v. Gallaher*, 107 Iowa 676, and similar cases, that, where a series of notes are secured by a mortgage, foreclosure for part of the mortgage debt discharges the premises from the lien for the debt not ·due, where no provision is made regarding the same in the decree.

We hold that, under the facts stated in the instant case, a justice of the peace had jurisdiction to render judgment upon each of the notes in question in separate actions thereon; and that the sale of appellant Marker's property under separate executions issued upon each of said judgments was not invalid, and should not be enjoined. Appellants' petition stated no cause of action, and the trial court was correct in dismissing the same.

The judgment appealed from is—*Affirmed*.

STEVENS, ARTHUR, DE GRAFF, and VERMILION, JJ., concur.