FREDERICK STICKEL v. EDWARD T. STEEL ET AL.

*Distinct accounts against the same person.*

A man bought a bill of goods in August with credit for four months from September 15 following, and on the same day from the same person another bill of goods at a credit of four months from October 1 following. *Held* that two bills of goods do not constitute one demand when one may become the subject of suit before the other becomes due, or when the remedy for one is barred before the time is expired for the other.

Error to Wayne. Submitted June 19. Decided July 2.

ASSUMPSIT. Defendant brings error.

*Daniel E. Prescott* and *William B. Jackson* for plaintiff in error. Where there is, between the parties to a suit, an account consisting of two or more items all due, a recovery on part will bar a suit to recover on the rest, *Girling v. Aldas,* 2 Keb., 617; *Bendernagle v. Cocks,* 19 Wend., 209; *Markham v. Middleton,* 2 Strange, 1259; *Bagot v. Williams,* 3 B. & C., 235; *Lane v. Cook,* 3 Day, 255; *Bunnel v. Pinto,* 2 Conn., 431; *Guernsey v. Carver,* 8 Wend., 492; *Stevens v. Lockwood,* 13 Wend., 644; *Borngesser v. Harrison,* 12 Wis., 544; *Smith v. Jones,* 15 Johns., 229; *Phillips v. Berwick,* 16 Johns., 135; *Miller v. Covert,* 1 Wend., 487; *Colvin v. Corwin,* 15 Wend., 557; *Secor v. Sturgis,* 16 N. Y., 557; *Dutton v. Shaw,* 35 Mich., 431.

*Edward W. Pendleton,* for defendants in error, cited as analagous cases, *Badger v. Titcomb,* 15 Pick., 409; *Ferguson v. Culton,* 8 Tex., 283; *Staples v. Goodrich,* 21 Barb., 317.

COOLEY, J. In August, 1877, Stickel bought of the copartnership of E. T. Steel & Co. a bill of goods amounting to $269.43 at a credit of four months from September

15, following. On the same day and at the same place he bought another bill of goods of the same parties, at a credit of four months from October 1 following. Neither bill was paid for when the credit expired, and after both had fallen due, suit was brought in justice's court on the first bill, and judgment recovered. Another suit was then brought on the second bill. In that suit Stickel relied upon the first judgment as a bar. His position was, that the two bills only constituted one account, consisting of several items, all due when the first suit was brought, and that an adjudication upon any part of it was necessarily an adjudication upon the whole, because the account was incapable of being divided up for the purposes of separate actions. *Bunnel v. Pinto*, 2 Conn., 431; *Guernsey v. Carver*, 8 Wend., 492; *Stevens v. Lockwood*, 13 Wend., 644; *Borngesser v. Harrison*, 12 Wis., 544. The justice overruled this defense, and gave judgment for the plaintiffs, and the circuit court affirmed his judgment. The case is now before us on error.

For some purposes the two bills unquestionably constituted distinct demands. They were made such in their origin, so far as time of payment was concerned, and suit might have been brought upon one before the other was due. Had such a suit been instituted and particulars been demanded, the bill rendered must have been not for so much money constituting a certain part of an account for goods sold and delivered, but for so much money being the price and value of the goods constituting the bill then sued upon. For all the purposes, therefore, of a suit instituted promptly when the right accrued, the first bill must have been treated as a separate demand, and could not have been regarded in any other light. But this suit would have left the other bill to be sued in another, and it will not be claimed that the first suit would be a bar to the second under such circumstances. Had no suit been brought upon either bill, the statute of limitations would have barred the

remedy upon one, leaving the other for a time untouched: had a payment been made in recognition of the one thus barred, it would thereby have been revived and renewed for six years more, while the other would have been left to the statutory bar. In short, if the two bills constituted one demand in their origin, they must have become two for all legal purposes when the one fell due before the other, and if united again by the other falling due, they would be again separated when the remedy upon one was barred, or whenever anything occurred which should render one the subject of a suit when the other was not. But all this is inconsistent with the idea that the two bills constitute a single demand.

The two bills might have been embraced in one action, but as the aggregate amount exceeded the jurisdiction of a justice of the peace, we probably have, in this fact, an explanation of the two suits. We think the plaintiffs had a legal right to bring the two suits. The justice refused to give costs in the second suit, and the course taken has been favorable to the debtor, instead of being oppressive. He has been sued in an inexpensive court, and would have been saved the costs of a suit in the court of general jurisdiction but for the *certiorari*.

The judgment must be affirmed, with costs.

The other Justices concurred.