# CHARLESTON.

BODLEY *v.* ARCHIBALD.

*(GREEN JUDGE, Absent.)

Submitted November 11, 1889.—Decided November 18, 1889.

1. PROHIBITION---JUSTICES OF THE PEACE---EVIDENCE.
    Prohibition will lie to prohibit Justices and other petty tribunals, which are limited by law to the decision of contro-

*On account of illness.

versies where the amount falls within a specified sum, from exercising a jurisdiction wholly beyond their authority even after judgment, but before the judgment has been fully carried into effect; and in such cases the want of jurisdiction may be made to appear by matters *dehors* the record of the proceedings before such inferior tribunals.

2. PROHIBITION—JUSTICES OF THE PEACE.

Where a claim for an amount exceeding the limit of a justice's jurisdiction, due to two or more persons jointly upon a single contract, is by the creditors, without the consent of the debtor, divided and apportioned among the creditors so that the amount assigned to each is within the jurisdiction of a justice, and one or more of the creditors sues on his portion before a justice and obtains judgment thereon, prohibition will lie, after judgment and before satisfaction, to prevent the justice and the creditor from enforcing such judgment.

*H. M. Russell* for plaintiff in error.

*J. H. Holt* for defendant in error.

SNYDER, PRESIDENT:

Albert L. Archibald, on May 21, 1887, commenced his action before W. H. Davis, a Justice of Ohio county, against John Bodley for the recovery of $119.19, exclusive of interest. The defendant being duly summoned failed to appear, and on May 27, 1887, the case was tried by a jury and a verdict rendered against defendant for $139.10 and costs. The defendant appealed the case to the Circuit Court of said county, where it remained until December 31, 1887, when the appeal was dismissed. Afterward, on January 7, 1888, the defendant, Bodley, presented his petition to said Circuit Court and obtained a rule against the Justice and said Archibald requiring them to show cause why a writ of prohibition should not issue prohibiting the justice from issuing execution upon the aforesaid judgment. Archibald appeared and moved the court to discharge the rule which the court did by an order entered September 15, 1888; and to that order Bodley obtained this writ of error.

The petition of Bodley, after setting out the proceedings before the justice and making his transcript a part of the petition, alleges, that the cause of action on which said judgment was rendered is as follows: The said Albert L. Archibald, his mother, and four brothers and sisters were the own-

ers, his mother as widow and he and his brothers and sisters as heirs at law of his deceased father, of certain real property as tenants in common. On September 8, 1880, petitioner entered into a contract with the mother who was acting for herself and her five children, one of whom was the said Albert, whereby the said property was sold to petitioner for $1,800.00, and as a part of the same contract, it was also agreed that petitioner would pay an additional sum of $600.00 as purchase money for said property in a certain contingency which the said Albert claims has happened; neither the said Albert nor his mother has ever claimed that any separate contract was made by petitioner with the respective owners for the purchase of a separate share or interest in said property, or that any other or different contract was made than the simple contract made as aforesaid by the mother for herself and her five children. The property was conveyed to petitioner by a single deed and for one consideration. The widow and the other four children are asserting claims against petitioner for what they insist are their respective shares of the money due from petitioner, and have brought separate actions against him to recover the same; that petitioner, if liable at all, which he denies, he is not liable to separate actions, but only to be sued jointly by all for the said sum of $600.00; that the said Albert, his mother and brothers and sisters to defeat the jurisdiction of the Circuit Court and to reduce said claim so as to bring it within the jurisdiction of a justice, have separated said joint claim for $600.00, into several claims, on one of which said Albert has obtained the aforesaid judgment. The petition also avers that said judgment is wholly unsatisfied and that the justice is about to issue execution thereon; and then prays for a writ of prohibition to prohibit the justice and said Albert L. Archibald from further proceedings in said action or to enforce said judgment, *etc.*

It is contended for the defendent in error, that the petition does not show that the claim on which the judgment was recovered is part of a joint and not a several claim. It is to meet this contention, that I have so fully stated the contents of the petition in respect to the alleged character of the claim. It seems to me, that the averments of the petition show clearly that the claim on which the judgment was re-

covered is part of a claim for $600.00 due upon a single contract jointly to the plaintiff in said action, his mother and brothers and sisters, and that he and they, in fraud of the jurisdiction of the Circuit Court and for the purpose of foisting an unauthorized jurisdiction upon the court of a justice, have, without the consent of Bodley, divided said joint claim into several separate claims within the jurisdiction of a justice. Dicey on Part. (104) 119.

Assuming the petition shows, as we hold it does, that the creditors held a joint claim for an amount exceeding the jurisdiction of a justice, and made of it several separate claims, each of which is within such jurisdiction, the plaintiff in error insists that it was the duty of the Circuit Court to award the writ of prohibition, and that it plainly erred in refusing to do so. On the other hand, it is earnestly insisted by the counsel for the defendant in error, that the writ of prohibition will not lie *after verdict and judgment,* unless the want of jurisdiction that furnishes the basis of the writ be *apparent upon the face of the proceeding* sought to be prohibited. In support of this proposition we are referred to *Buggin* v. *Bennett,* 4 Bur. 2035 ; *Argyle* v. *Hunt,* 1 Strange, 187 ; *Anonymous,* 2 Salk, 550, and High on Ex. Rom. § 774.

In the first of these cases, *Buggin* v. *Bennett,* an application was made to the Court of King's Bench for a writ to prohibit a proceeding in the Court of Admiralty for the recovry of mariners' wages. That court had no jurisdiction upon a contract under seal made upon land, but it had jurisdiction upon contracts made at sea. The defendant in that case appeared and defended on the merits, and after protracted litigation there was judgment against him. He then applied for the writ suggesting that the contract was " by deed made at land." Several of the judges gave separate opinions, and while Lord MANSFIELD did say in one point of his opinion, that "it would be unreasonable that a party, who had lain by, and concealed from the court below a collateral matter, should come hither *after sentence* against him there, and suggest that *collateral* matter as a cause of prohibition, and obtain a prohibition upon it, after all this acquiescence in the jurisdiction of the court below."

It will be noticed that Mansfield does not say, that in such case the writ will not lie, unless the want of jurisdiction appears upon the face of the proceeding. It is certain that he did not intend to be so understood, because in another part of the same opinion he says: "In the case now before us, the matter suggested does not appear upon the face of the proceedings; but is *collateral*, and out of them; and therefore it ought to be verified by affidavit." And the writ was denied by the court in this case, not because the want of jurisdiction did not appear upon the face of the proceedings, but because the suggestion or petition was not verified by affidavit. The Court says: "Every matter *dehors* must, after sentence, be verified by affidavit."

*Argyle* v. *Hunt, supra*, was for a libel in the Spiritual Court, and after sentence the court of Kings Bench refused the writ of prohibition, because the spiritual court had jurisdiction and the writ was sought upon "some matter arising in the suit as for defect of trial." The case in 2 Salk, *supra*, was in substance, the same as *Argyle* v. *Hunt*.

While High on Ex. Leg. Rem. in sect. 774, lays down the general rule as contended for by the counsel for defendent in error, in the latter part of the same section the rule is qualified as follows: "When, however, the inferior court has jurisdiction of the principal point in controversy, but not of certain matters arising collaterally therein, and the defendant below pleads to the merits and submits to trial, without relying upon the want of jurisdiction as to such collateral matters until after sentence, he is too late in his application for the aid of a prohibition." The plain inference from this statement is that, if the court is entirely without jurisdiction of any part of the case, and there is no appearance in the inferior court by the defendant, then, even after sentence, he may, for matter *dehors* the proceedings in the lower court, have the aid of this writ. The report, in *Lawrence v. Warbeck*, 1 Keble 260, is as follows: "Upon affidavit that the debt was above 40l, and divided into several actions in court Baron, the court awarded a prohibition and an attachment, unless cause be shewed." See also *Girling* v. *Aldas*, 2 Keble 617, and *Ramsey* v. *Court Wardens*, 2 Bay 180.

The general rule mentioned in High on Ex. Leg. Rem. and

referred to above, evidently applies to courts of record at common law, and not to petty or statutory courts. This is apparent from sec. 778 of said author which says : "It is to be observed with reference to inferior courts, which are limited by law to the decisions of controversies where the amount involved falls within a specified sum, as in justices courts, and other petty tribunals, that they will not be allowed to manufacture a jurisdiction for themselves by dividing a single matter into several suits, so as to bring them within the limits fixed by law, when the whole amount in controversy is sufficient to bring it within the jurisdiction of a higher court. Thus, where a plaintiff brings several distinct actions before a justice of the peace upon promissory notes against one and the same defendant, each of the notes being for an amount within the jurisdidiction of the justice, but the aggregate amount being beyond his jurisdiction, prohibition lies to restrain the justice from proceeding even after judgment rendered, but before the money has been paid." As authority for this text the author cites the leading case of *Hutson* v. *Lowry*, 2 Va. Cas. 42.

The facts of this case were as follows : The petitioner owed the respondent, $80.00 for which he gave to him four several single bills for $20.00 each, payable at one day and at one, two and three months after date, respectively; and after the last became due, the respondent obtained several judgments before a justice on these single bills; upon these judgments executions issued and the money was paid to the constable. Before the constable paid over the money, the petitioner obtained from the superior court a writ of prohibition to prevent the justice from proceeding further, because the justice had not jurisdiction, all the single bills constituting one debt, which was for an amount exceeding the justice's jurisdiction. The suggestion or petition in that case, as is the fact in the case at bar, was supported by the affidavit of the petitioner. The petition set forth the facts and made the transcripts of the justice in said several actions parts thereof. The report of the case states, that "the said Hutson also proved to the court, that the said judgments, were rendered on four several bills. * * * The re-

spondent approved and admitted that the allegations of the suggestion are true." The Superior Court thereupon adjourned the case to the General Court for a decision of the following points: 1—"whether the justice had jurisdiction to render the aforesaid several judgments? 2—whether the satisfaction of said judgments, by executions, previous to this motion, should prevent the court from awarding a writ of prohibition in this case?" Upon these points the court rendered the following decisions: "The court having seen and inspected *the record in this case,* and maturely considered the questions, adjourned, doth decide, that the justice in the *said record* mentioned, had not jurisdiction to render the several judgments therein also mentioned; and that the satisfaction of the said judgments, by executions at the time when a writ of prohibition was moved for, ought not to prevent the awarding of such writ, as it *appears from said record,* that the money so made remained at the time of making said motion in the hands of the constable, and that he had notice not to pay it over. Which is ordered to be certified to the said superior court." This is substantially a full statement of all that appears in the report of said case, except the argument of counsel for the petitioner. It is contended by counsel for the defendant in error, that the words *appears from said record* in the above opinion of the court, refer to what appeared in the exhibits from the justice's court and not to the record as made up in the superior court. It is apparent that this is not so. In the first place the court says: "having seen and inspected the record in *this case.*" Certainly this does not refer to the record of the justice's proceedings, but to the record in the case then under consideration. In the next place it says: "the justice in *said record* mentioned," necessarily referring to the record thereinbefore mentioned; and, thirdly, the court says: "It appears by *the said record,* that the money so made, remained at the time of making the said motion, in the hands of the constable." Upon an inspection of the facts, it is distinctly manifest that it did not appear in the record of the proceedings before the justice, that the money remained in the hands of the constable at the time of the motion, and it is impossible that it could so

appear, for the reason that it is a fact which occurred after the action of the justice had ceased. Therefore, when the General Court says, that this fact appears from *said record* it must of necessity have referred to the record as made up in the Superior and to a matter *dehors* the proceedings before the justice. This case is not only a leading case in this country, but being a decision by an appellate court of·Virginia, made before the formation of this State, is binding authority upon this Court; and it is our duty to follow it, especially as we fully approve it and believe that it was simply the application of legal principles much older than that decision, as an examination of the following authorities will show: *Girling* v. *Aldas, supra;* 1 Ventris 65 ; (5 Bacon's Abr. Wilson's Ed. 668, title "Prohibition" K.)

My conclusion, therefore, both upon principle and authority is, that the writ of prohibition will lie to prohibit justices and other petty tribunals, which are limited by law to the decision of controversies where the amount falls within a specified sum, from exercising a jurisdiction wholly beyond their ·authority, even after judgment, but before the judgment is fully carried into effect, and that in such cases the want of jurisdiction may be made to appear by the averment and proof of facts *dehors* the record of the proceedings before such inferior tribunals; *James* v. *Stokes*, 77 Va. 225 ; 4 Min. Inst. Pt. I, 206. For the foregoing reasons, I am of opinion that the judgment of the Circuit Court should be reversed, and the case remanded for further proceedings.

REVERSED. REMANDED.