# CHARLESTON.

FLAT TOP GROCERY CO. *v.* McCLAUGHERTY *et al.*

46 419
e 60 620
f 60 621

Submitted January 23, 1899—Decided April 15, 1899.

1. RES JUDICATA—*Pleading—Error.*

   G. Co. held and owned two notes, made to it by M. & Co., one for two hundred and sixty-eight dollars and seventy-four cents, the other for two hundred and forty-four dollars, both over-due and unpaid. G. Co. brought its action before a justice and recovered judgment for the first note, and afterwards brought its action in the circuit court on the second note. M. & Co. pleaded the judgment on the first note in bar of the action, under section 48, chapter 50, Code. *Held* error to allow plea filed. (p. 425.)

2. RES JUDICATA—*Justice of the Peace—Jurisdiction.*

   Where a party has two separate demands against another, which together exceed the sum of three hundred dollars, judgment recovered upon one before a justice cannot be pleaded in bar of an action on the other, under section 48, chapter 50, Code. (p. 424).

Error to Circuit Court, Mercer County.

Action by the Flat Top Grocery Company against William W. McClaugherty & Co. Judgment for defendants, and plaintiff brings error.

*Reversed.*

JOHNSTON & HALE, for plaintiff in error.

HUGH G. WOODS, for defendants in error.

McWHORTER, JUDGE:

This was an action of debt, brought by the Flat Top Grocery Company, a corporation, in the circuit court of Mercer County, against the firm of William W. McClaugherty & Co., on a note for two hundred and forty-four dollars, described in the declaration. Plaintiff filed with its declaration the affidavit of George R. Dabney, the agent, secretary, and treasurer of plaintiff, under section 46, chapter 125, Code. Defendants appeared and tendered two pleas in writing,—the first, or No. 1, being simply the general

issue of *nil debet;* No. 2, a special plea, accompanied by the affidavit of W. W. McClaugherty, one of the defendants, setting up a former judgment rendered on a part of plaintiff's demand in bar of the action. To the filing of said pleas and affidavit plaintiff objected. The objection was overruled, and the pleas and affidavit were allowed to be filed, to which plaintiff excepted. Plaintiff moved the court to strike out said affidavit and each of said pleas, which motion the court overruled, and plaintiff excepted. Issue was joined on plea No. 1, and plaintiff replied generally to plea No. 2. The parties waived a trial by jury, and by consent submitted the issues to the hearing and determination of the court in lieu of a jury, and agreed on the facts as follows:

"That on the 1st day of January, 1895, the plaintiff was, and ever since that date has been, a corporation, duly chartered by the laws of this state, and that on the date above named was engaged in the wholesale grocery business in the city of Bluefield, Mercer county, W. Va.; that on the date above named, and until the —— day of January, 1897, the defendants, William W. McClaugherty and Joseph H. McClaugherty, were partners in business, carrying on a general store in the city and county aforesaid, under the firm name and style of William W. McClaugherty & Co.; that from the —— day of April, 1896, to the —— day of ——, 1897, the said defendants as partners aforesaid, under the firm name aforesaid, made various purchases of goods of the plaintiff corporation, and made various payments to the plaintiff on account of said purchases, till the 9th day of May, 1896, when the said defendant firm owed to the plaintiff a balance of $268.74, for which balance the defendant firm, on the 9th day of May, 1896, executed and delivered to the plaintiff corporation a negotiable note for the said sum of $268.74, payable at 30 days, which said note was not paid at maturity, but upon which, after maturity, various payments were made by defendant firm, until the same was reduced to the sum of $132, exclusive of interest; that on the 12th day of October, 1896, the plaintiff corporation, before John T. Carr, a justice of Mercer county, W. Va., brought an action against the defendant firm on said note of $268.74, and obtained thereon in said action, on the 24th day of October, 1896, against the defendant firm, a judgment for the sum of $134,

the balance of the said note, upon which judgment execution issued, and the defendants paid the same off to the plaintiff on the 13th day of April, 1897. It is further agreed between the parties hereto that, subsequent to the 9th day of May, 1896, and up to the 25th day of June, 1896, the firm defendants had purchased other goods of the plaintiff, amounting to $244, and that on the said 25th day of June, 1896, the defendants, by their partnership name and style of William W.McClaugherty & Co., executed to the plaintiff their negotiable note at 30 days for the said sum of $244, upon which there has been paid by the defendants to the plaintiff the sum of $19.84 as of November 13, 1896, that this is the note sued on in this case, and which note is here filed with this agreement, made part hereof, marked 'Note,' and that with the exception of the sum of $19.84 there have been no other payments on said note, and the balance thereof remains wholly due to plaintiff and unpaid; that the proceedings on the note of $268.74 by plaintiff against the defendants, before John T. Carr, a justice of Mercer county, are shown by the transcript from the docket of said Justice Carr, and are to be read herewith as part of the agreement of facts, and are made part hereof, marked "X." It is further agreed that, when the suit was commenced by the plaintiff against defendants on the note for $268.74, referred to in the above transcrpt of Justice Carr, and on which note he entered judgment, the note for $244 also belonged to the plaintiff, and was then due and unpaid. It is further agreed that on the 4th day of January, 1897, an action was commenced before E. T. Oliver, a justice of Mercer County, W. Va., on the note for $244, and that said action was in the name of George S. Strader, who was then in the possession of said note as the agent of the plaintiff for the collection of said note, and which was transferred to said Strader to this plaintiff in this action, who at the commence-menced before the said E. T. Oliver, justice, by said Strader, and in his name against the said defendants, on the said note of $244, was on the 16th day of January, 1897, dismissed by the said Strader, but without prejudice, as will be seen by a duly-certified transcript from the docket of said Justice Oliver, filed herewith, marked 'W,' and made a part of this agreement, and to be read herewith and as part hereof. And since the dismissal of said last-

mentioned action, and before the beginning of this suit, the said note was transferred and delivered by the said Strader for that purpose only, and that said action so comment of the suit was, and is now, the owner and holder of said note.

"1897, Nov. 10th.

"Johnson & Hale, Atts. for Pl'ff.

"Hugh H. Woods, Atty. for Def'ts."

Exhibit "Note," filed with agreed statement of facts: "$244.00.

"P. O., Bluefield, W. Va., July 25, 1896.

"Thirty days after date we promise to pay to the order of Flat Top Grocery Co., two hundred and forty-four dollars. Negotiable and payable at First National Bank of Bluefield, W. Va. Homestead and all other exemptions waived by the maker and each indorser. Value received. No. 10,172. Due 25-28 July.

"Wm. W. McClaugherty & Co."

Indorsed on back:

"1896, Nov. 13. By cash, $19.84.

"Flat Top Grocery Co.,

"By Geo. R. Dabney, Sec. and Treas."

"Pay to the order of Flat Top Grocery Co.

"June 4th, 1897.          Geo. S. Strader."

Upon the issues the court found for the defendants, when the plaintiff moved the court to set aside its finding and grant it a new trial, and moved in arrest of judgment on said finding, for the reasons that the same are contrary to the law and the evidence and because of the erroneous rulings of the court in permitting the affidavit and pleas to be filed, and in refusing to strike out the same, which motions were overruled, and plaintiff excepted, and tendered its bill if exceptions, which was made a part of the record and judgment was entered for defendants for their costs, from which judgment plaintiff obtained a writ of error and *supersedeas* and assigned the following errors: "(1) The court erred in permitting the defendants' plea No. 1 to be filed, and in not sustaining plaintiff's objection thereto. (2) The court erred in overruling plaintiff's objection to defendants' special plea No. 2, and in permitting the same to be filed. (3) The court erred in refusing to strike out the said pleas. (4) The court erred in permitting the affidavit of the defendants

to be filed, as it was not the affidavit required by section 46, chapter 125, Code.  5. The court erred upon the facts in the case, and, instead of finding for the defendants, should have found for the plaintiff.  See bill of exceptions and agreement of facts, Record, pp. 10 to 18.   (6) The court erred, because it appears that it applied section 48 of chapter 50 of the Code (1891) to this case as the law governing the same, when said action is not applicable to actions begun and prosecuted in the circuit court, and is only applicable, if at all, to actions before justices, and, if applied or attempted to be applied to actions in the circuit court, the same is unconstitutional and void, because, under the attempt to regulate proceedings and the remedy, it destroys and takes away the right, is penal in its character, imposes a forfeiture, and especially is not said section applicable to the case at bar.  The petitioner could not have sued on both debts due it from defendants before a justice, as the two debts exceeded the jurisdiction of a justice.   (7) The court erred upon the whole case, both upon the law and the facts."

The affidavit filed by defendants bases their whole defense upon section 48, chapter 50, Code, which provides: "When the plaintiff has several demands against the same defendant, founded on contract, express or implied, he must bring his action for the whole amount due and payable at the time such action is brought, whether the demands be such as might have been heretofore joined in the same action or not.  If he bring his action for part only, the judgment in the suit, whether for or against him, shall bar him from the recovery of the remainder."  Here the plaintiff had two distinct demands and causes of action on two different contracts, the aggregate amount of which was beyond the amount of which the justice had jurisdiction, and hence it could not bring its action for the whole amount due and payable in the justice's court, and therefore section 48 is not applicable to this case.  The plaintiff will not be required to do a thing which is impossible.  It is not the purpose of the law to close the courts of the country against its citizens, and the plaintiff is entitled to the benefits of its speedy remedy in the inferior court, and cannot, in a proper case, thus be deprived of it. In the case of *Buckner* v. *Thompson*, 11 Ill., 563, it is held: "Where actions are brought before a justice of the peace

on two notes, returnable at the same time, which, if consolidated, would exceed $100, a judgment on the first note is not a bar to a judgment on the second. Each note constitutes a separate demand. If a controversy exists as to the amount of a set-off, a party is not bound to give credit, before the commencement of a suit, for the exact amount to which the trial may show the party entitled." The statute of Illinois was similar to ours, each party being required to bring forward all his or her demands against the other, existing at the time of the commencement of the suit, which were of such a nature as to be consolidated, and which should not exceed one hundred dollars when consolidated into one action or defense, on pain of being forever barred from the privilege of suing for such debt or demand. If the aggregate of the two notes in case at bar had not exceeded the sum of three hundred dollars, section 48, chapter 50, Code, would certainly apply, and judgment on one could be pleaded in bar to an action on the second. A party will not be permitted to divide up a demand exceeding in amount the jurisdiction of a justice in sums to bring it within such jursdiction for the purpose of suing hereon in such court. In *Hale* v. *Town of Weston*, 40 W. Va. 13, (21 S. E. 742), it is held: "A person who asserts a claim to a specific amount of damages for an alleged injury sustained in his business will not be allowed to split up his claim, in order to reduce it to the jurisdiction of a justice, and to bring consecutive suits before a justice for such claim." In *Stickel* v. *Steel*, 41 Mich. 350, (1 N. W. 1046), "a man bought a bill of goods in August, with credit for four months from September 15th following, and on the same day, from the same person, another bill of goods, at a credit of four months from October 1st following. Held, that the two bills of goods do not constitute one demand, when one may become the subject of suit before the other becomes due, or when the remedy of one is barred before the time is expired for the other." In that case action was brought, on the first bill before a justice after both had been due, and judgment recovered. Another suit was then brought on the second bill, and in that suit the defendant relied upon the first judgment as a bar. His position was that the two bills only constituted one account, consisting of several items, all due when the first suit was brought, and that an adju-

dictation upon any part of it was necessary an adjudication upon the whole, because the account was incapable of being divided up for the purpose of separate actions. Judge Cooley, in the opinion of the court, says: "The two bills might have been embraced in one action, but, as the aggregate amount exceeded the jurisdiction of a justice of the peace, we probably have in this fact an explanation of the two suits. We think the plaintiffs had a legal right to bring the two suits. The justice refused to give costs in the second suit, and the course taken has been favorable to the debtor, instead of being oppressive. He has been sued in an inexpensive court, and would have been saved the costs of a suit in the court of general jurisdiction but for the *certiorari.*"

Appellees give an illustration, according to their views, of the effect of section 48, chapter 50, Code, which cannot apply in this case, but which so well illustrates the intention of the Legislature in the enactment of section 48 that I give it here: "A holds a note executed to him by B, for $100, which is due and unpaid. At the same time A. holds a note, by assignment from C., against B., for $100, which is due and unpaid. A. institutes suit against B. before a justice for the note executed to him by B., and obtains judgment, which is paid. Afterward he brings suit in the circuit court against B. on the note held by assignment from C. Now, if B. could not plead in bar of this last action the judgment before the justice because A. did not sue for all his demands, then section 48 of chapter 50 is to him a dead statute, and I can see no difference if the second suit was begun before a justice of the peace." In this supposed case B. could plead the judgment on the first note in bar of the action on the second note, in the circuit court or any other court, because he could have included all his demands in his action, and, all his demands together not aggregating more than three hundred dollars, section 48 required the same to be included in one action, on pain of having the part of his claim left out barred. In the case at bar plaintiff could not have sued for all his demand before the justice, and therefore the section 48 does not apply. The affidavit and second plea, not presenting a good defense, should not have been filed, and, without a proper affidavit filed by

defendants, under section 46, chapter 125, Code, no plea could be entered, and the plaintiff was entitled to its judgment. For the reasons herein given, the judgment is reversed, and judgment entered for plaintiff.

*Reversed.*