# CHARLESTON

McDowell County Bank *et al. v.* Wood *et al.*

:Submitted September 11, 1906.　Decided November 27, 1906.

1. JUSTICES OF THE PEACE—*Actions on Notes.*

   The holder of several promissory negotiable notes, constituting separate demands, may maintain separate actions before a justice of the peace upon such notes where the amount of each does not exceed the jurisdiction of a justice, and where, if consolidated, the aggregate amount thereof would exceed such jurisdiction. (p. 619.)

2. SAME—*Consolidation of Claims.*

   Section 48, chapter 50, Code 1899, section 1999, Anno. Code 1906, providing that where a plaintiff has several demands against the same defendant arising out of contract, express or implied, he must bring his action for the whole amount due and payable, does not apply where the aggregate amount thereof would exceed the jurisdiction of a justice. It only applies where, after the consolidation of all such demands, the whole amount is cognizable by a justice. (p. 619.)

3. SAME—*Entry of Judgment.*

   Where an action is commenced in a justice's court by summons, and one of the defendants appears before the return day thereof and waives service and confesses judgment, and the justice does not enter judgment until the return day of the summons, this does not render the judgment void. (p. 624.)

4. SAME.

   *Quaere:* Where a defendant appears and confesses judgment before the return day of the summons, can the justice enter judgment immediately, or should he wait until the return day of the summons? (p. 624.)

5. JUDGMENT—*Confession—Entry.*

   That part of section 114, chapter 50, Code 1899, section 2065 Anno. Code 1906, which provides that when a judgment is confessed it shall be entered without delay, is directory and not mandatory. (p. 624.)

Appeal from Circuit Court, McDowell County.

Action by the McDowell County Bank against J. A. Wood and others. Decree for defendants. Plaintiff appeals.

*Reversed.　Remanded.*

Rucker, Anderson & Hughes, for appellants.

D. J. F. Strother, for appellees.

Sanders, Judge:

This is a suit in equity brought in the circuit court of Mc-Dowell county by the McDowell County Bank, a corporation, I. T. Mann and I. J. Rhodes against J. A. Wood, George French Strother, Zelma E. Moses, C. L. Moses, Jeannette H. Hammer and W. L. Hammer, for the purpose of enforcing three judgment liens of two hundred and fifty-three dollars and seventy-five cents each, in favor of the plaintiffs, respectively, against certain real estate at one time owned by the defendant, J. A. Wood, and by him aliened to the defendants, Moses and Hammer; the deed therefor not having been recorded until after the rendition and docketing of said judgments. All of the defendants except J. A. Wood demurred to and answered the bill.

In order to properly dispose of the questions arising upon the record, it will be necessary to give a statement of the facts out of which this controversy grows.

On the 16th day of May, 1901, the Dry Fork Lumber Company executed three promissory negotiable notes for two hundred and fifty dollars each, payable to G. F. Strother and G. D. Heasley, in sixty, ninety and one hundred and twenty days after date, respectively. These notes were endorsed by the payees and by J. A. Wood, and discounted before maturity by the plaintiff, McDowell County Bank. On the 17th day of September, 1901, the Bank assigned one of the notes to I. T. Mann, another to I. J. Rhodes, and retained one itself, and on the same day the assignments were made, the Bank, I. T. Mann and I. J. Rhodes brought actions on their respective notes before a justice of the peace. The summons in each case was returnable on the 23rd day of September, 1901, but on the 20th day of September, the defendant Strother appeared and waived service of process and confessed judgment in each of the three cases for the amount claimed, and on the return day of the summons the defendant Wood likewise appeared and confessed judgment in each of the cases, at which time judgment was entered against the defendants, Strother and Wood, in each of said cases, for the sum of two hundred and fifty-three dollars and seventy-five cents.

The defendants claim that the assignment of the two notes to Mann and Rhodes was for the purpose of reducing the amount so as to bring it within the jurisdiction of a justice, and for that reason the judgments of the justice are void; that jurisdiction cannot be conferred by any manipulation of a debt which exceeds the amount of a justice's jurisdiction for the purpose of reducing it so as to bring it within the jurisdictional limits. The aggregate amount of the notes is seven hundred and fifty dollars, exclusive of interest, and, of course, if consolidated, would exceed the jurisdiction of a justice. They, however, constituted three separate and distinct demands of two hundred and fifty dollars each. The justice had jurisdiction to render judgment upon either of these demands, but when aggregated the amount exceeded his jurisdiction. At common law separate suits could be maintained upon separate and distinct demands, but not where the claim was entire and inseparable, and where such entire claim was split up and suit brought for a part thereof, the creditor would be precluded from recovering the residue. Freeman on Judgments, section 238; *Phillips* v. *Berick*, 16 Johns. 136; 8 Am. Dec. 299; *Bendernagle* v. *Cocks*, 19 Wend. (N. Y.) 207; 32 Am. Dec. 448; *Snow Steam Pump Co.* v. *Dunn*, 119 N. C. 77; 25 S. E. 741; *Gottlieb* v. *Fred W. Wolf Co.*, 75 Md. 126; 23 Atl. 198; *Staples* v. *Goodrich*, 21 Barb. 317; *Smith* v. *Jones*, 15 Johns. 229. This being the common law rule, separate suits could have been maintained by the Bank upon each of these notes before a justice of the peace, unless by our statute, section 48, chapter 50, Code 1899, section 1999, Anno. Code 1906, this rule has been changed. This statute provides that when a plaintiff has several demands against the same defendant, founded on contract express or implied, he must bring his action for the whole amount due and payable at the time such action is brought, whether the demands be such as might have heretofore been joined in the same action or not, and provided further, if he brings his action for a part only, the judgment in the suit, whether for or against him, shall bar him from recovering the remainder. We must inquire as to the meaning of this section, and whether or not it applies to all claims, or to claims and demands, the aggregate amount of which does not exceed the jurisdiction of a justice. If we hold that it applies to all

claims, whether in the aggregate they exceed such jurisdiction or not, this would mean that a party must consolidate his claims, even though when consolidated a justice has no jurisdiction.

This statute, according to the rule announced in the case of *Flat-Top Grocery Co.* v. *McClaugherty*, 46 W. Va. 416, applies only to separate demands where the aggregate does not exceed the jurisdiction of a justice, and is held not to apply where the aggregate amount does exceed such jurisdictional limit. It is contended, however, that the case of *Grocery Co.* v. *McClaugherty*, *supra*, is not parallel to the case in hand—that in that case there were two notes due and payable exceeding the amount of the jurisdiction of a justice, and suit was brought on one before the justice and judgment rendered thereon, and then suit was brought on the other—not before the justice, but in the circuit court. The fact that suit was brought upon one of these notes before a justice, and the other in the circuit court, was not the reason for the court's decision, but it was based upon the fact that the two notes were separate and distinct demands, the aggregate amount of which exceeded the jurisdiction of a justice. Because the second suit was brought in the circuit court is no reason for claiming that there is a dissimilarity in the two cases, for if the justice had jurisdiction to render judgment on the first note, he certainly would have had jurisdiction to render judgment on the second note, because it was within his jurisdictional amount. The conclusion reached in that case was that the demands being separate, and in the aggregate exceeding the jurisdiction of a justice, separate suits could be maintained in any court having jurisdiction. And as to whether or not a justice would have jurisdiction would depend upon the amount involved in the particular action, and not whether he had previously rendered judgment upon one of the demands set up in a previous action. It would hardly do to hold that the circuit court had jurisdiction to entertain the action and the justice did not, when the amount was less than three hundred dollars. The case of *Bodley* v. *Archibald*, 33 W. Va. 229, is relied upon to support the contention of the defendants. While it is true a writ of prohibition was awarded in that case to prevent the justice and creditor from enforcing the judgment, yet upon

examination it will be found that the claim there was not separable, but an entire, indivisible one.

The foregoing are the reasons for the decision in this case, recognizing *Grocery Co.* v. *McClaugherty, supra,* as law. But while individually I regard that case as controlling and binding upon this Court, yet I do not regard it as sound. The construction given to the statute in that case is strained, and renders it practically nugatory.

The act was designed to prevent separate suits before a justice upon separate and distinct demands, and to thereby rid the defendant of being mulcted in costs and vexed with a multiplicity of suits, when the whole amount could be consolidated and included in one action. But it is said in *Grocery Co.* v. *McClaugherty, supra,* that this applies only to demands where in the aggregate they do not exceed the jurisdiction of the justice, and that where the claims do in the aggregate exceed such jurisdiction, then separate suits can be maintained upon each separate demand. As in that case, the demands were separate, and an action was brought upon one of them before a justice, and the other in the circuit court. The aggregate of the claims exceeded the jurisdiction of the justice. And the court held that the judgment before the justice could not be plead in bar to the action brought in the circuit court. If the second action was maintainable in the circuit court, and if the judgment before the justice could not be. plead in bar, then there is no reason why the second suit could not have been maintained before a justice, the sum being less than three hundred dollars, and the justice having concurrent jurisdiction with the circuit court. Therefore, the construction given to the statute in that case is that if the demands in the aggregate exceed the jurisdiction of a justice, the plaintiff may bring as many suits before a justice as he has separate and distinct demands, and one judgment cannot be plead in bar to subsequent actions. This is certainly not within the letter or the spirit of the statute, because by its positive language it says that all separate demands shall be united, and imposes as a penalty for not uniting them that the plaintiff shall be precluded from recovering the remainder. Therefore, if the plaintiff chooses to resort to the justice's court for the collection of his debt, and sues upon one of his demands, he thereby loses the right to recover the remainder,

under a proper and reasonable construction of this statute, if the first judgment is plead in bar of the second suit. The result of the construction given to this statute is that if one has six notes of fifty dollars each, he is required, before a justice of the peace, to consolidate them and bring one action; whereas, if he has twenty notes for fifty dollars each, he is permitted to bring twenty separate actions. It cannot be said thaᵤ the courts are closed against a litigant, because the Legislature has seen proper to limit the jurisdiction of a justice to a certain sum, and require the consolidation of all separate demands in one action, under penalty of losing that part not included; simply because, to consolidate, the aggregate amount would exceed the jurisdiction of a justice and drive the plaintiff into the circuit court. If that be so as to separate claims, why cannot the same reason be assigned as to an entire and indivisible one. For there it would not be contended that the party could split his claim and bring two actions before a justice. With just as much plausibility it might be argued that the courts would be closed against such party. If the claim exceeds the justice's jurisdiction, the plaintiff has an open, plain and adequate remedy by bringing his action in the circuit court.

While I believe that the statute has been misconstrued, yet in my view a proper construction of it, and the construction I feel should be given to it, would operate to reverse the decree, and in this case the result would be the same. I hold that the judgments are not void; that a jurisdictional question does not arise. This statute does not take away from a justice jurisdiction to render judgment upon a separate demand where it does not exceed the jurisdictional limit, but it imposes as a penalty upon the plaintiff that if he fails to unite all of his separate demands he shall be barred from recovering the remainder. This being the penalty imposed upon the plaintiff for not uniting his several demands, it is a matter of defense, and such as can be waived. Therefore, when an action is brought against one upon a separate demand, and judgment rendered, and an action is then brought against the same party upon another demand, which was due at the time of the bringing of the first action, it is then the right of the defendant to plead the former judgment in bar of the second action, but if he stands by and fails to make this defense;

fails to plead this former judgment in bar, it cannot be said that the court has not jurisdiction. At the common law, as we have noted, separate actions could be maintained upon each separate and distinct demand, and if the amount of such demand did not exceed the jurisdiction of a justice, separate suits could be maintained thereon before the justice. It would not fall within that class of cases which holds that claims cannot be split up for the purpose of giving a court jurisdiction. If the demands are separate and suits can be maintained for each, then the question as to whether or not the amount exceeds the jurisdiction of a justice is controlled by the amount of each separate and distinct demand for which suit is brought, the aggregate amount having nothing to do with it. This section of the statute recognizes the right of the party to sue for less than his whole claim, if the demand is separate. It provides: "If he bring his action for part only, the judgment in the suit, whether for or against him, shall bar him from recovering the remainder." Can it be said that this provision of the statute is meaningless? And if it is not meaningless, then it seems to me that there can be no other conclusion reached than that it recognizes the right of the plaintiff to sue for a part of his claim where it is separable, and if it recognizes his right so to do, unquestionably the justice would have jurisdiction and the judgment would be valid. The judgment being valid, and the plaintiff not having sued for the whole of his claim, if he proceeds to sue for the remainder, is it to be said that the justice has not jurisdiction if the sum is within his jurisdictional limit? Can it be said that where the plaintiff fails to plead the former judgment in bar, that the court has no jurisdiction to render judgment? The court had jurisdiction of the subject matter and the person, but the plaintiff had previously brought suit and recovered judgment upon one of his several demands when at the same time the demand upon which the second suit was brought was due. This he did at his peril. The defendant, as we have seen, could have plead it in bar, but because he has the right to do so, and because the statute bars the plaintiff from recovering the remainder, it cannot for that reason be construed to mean that the justice was without jurisdiction and that the judgment is void. The justice, in my view, had jurisdiction, and the judgments are valid and enforceable.

It was held in *Gresham* v. *Landens et al.*, 1 Ga. Superior Ct. Rep. 149, that "when several suits are brought between the same parties, in a justice's court, the defendant can take advantage of their amounting to more than thirty dollars, only by a plea to the jurisdiction." And the court, in the opinion in that case, says: "It does not appear, that any exception was taken, to the jurisdiction in the court below; and, as the question was not raised then, the Court committed no error, in entertaining jurisdiction—the cases being *prima facie*, within their jurisdiction."

The defendants assign another reason why the decree of the circuit court should be sustained; that is, that the actions before the justice were brought on the 17th day of September, 1901, returnable on the 23rd day of September, and that on the 20th day of September, Strother, one of the defendants, appeared, waived service of process and confessed judgment, and that judgment was not entered until the return day of the summons, at which time judgment was also rendered against Wood.

The question arises, could the justice properly enter the judgment until the return day of the summons? The defendants are cited to appear on a certain day, known to the plaintiff, at which time the plaintiff can be present to take care of his interests. There are two ways of commencing actions before a justice—one by appearance and agreement of parties; the other by summons. This action was commenced by the latter mode. Then what right has the justice, in the absence of the plaintiff, and when he is not expected to be present, to make disposition of the case? This question we do not decide, because not necessary.

That part of section 114, chapter 50, Code 1899, section 2065 Anno. Code 1906, which provides that judgments shall be entered without delay when confessed, is directory, and not mandatory. This statute fixes no time for the entry of the judgment; it only says it shall be entered without delay. Suppose it is not entered immediately, and not until the return day of the summons. Is it to be said that because the justice failed to enter the judgment at once upon confession, that the plaintiff cannot have judgment on the return day of his summons, upon a plain note, not in any way contested? We cannot hold that the plaintiff can thus be deprived of his debt. The case of *McLain* v. *Davis*, 37 W. Va. 330, is re-

lied upon as supporting the defendant's contention.    That is
a case tried before two justices with a jury.    A verdict was
rendered and no judgment entered thereon, and nearly two
years afterwards, the same justices, without notice, met and
undertook to enter judgment upon the verdict *nunc pro tunc.*
It was held that the *nunc pro tunc* order was unauthorized
and illegal.    We do not think that case is controlling here.
We have here a confessed judgment, which only required
actual entry, and no definite time within which it should be
done, the statute only saying, it shall be done without delay.
The actual entry upon a justice's docket of a judgment after
its rendition or confession is a ministerial act.    "After a jus-
tice has rendered and publicly announced his judgment in an
action at the close of the trial, the entry thereof upon the
justice's docket is purely ministerial, and not judicial."
*Packet Co.* v. *Bellville,* 55 W. Va. 560.    And it is also held
in that case that although the statute requires a judgment of
a justice to be entered within twenty-four hours after trial
(Sundays excepted), still when a judgment is rendered within
such time, but entered after the time thus directed, it is not
void.    And it is also said in that case:    "Where a judgment
in an action tried before a justice is rendered and publicly
announced by the justice on the day and at the close of the
trial, although the clerical work of entering the judgment
upon his docket is not performed until a few days thereafter,
the statute is substantially complied with."

But if *McClain* v. *Davis, supra,* does apply to the case in
hand, it is effectually overruled by *Packet Co.* v. *Bellville.
supra,*

The Bank being entitled to bring separate actions upon the
three notes, it certainly is no ground of complaint that two
of them were assigned for the purpose of giving the justice
jurisdiction, because the justice had jurisdiction before such
assignment.

It is said that the cashier had no authority to make the as-
signments.    Whether so or not we will not say.    It suffices
to say that the question cannot be raised here.    If it could
have been raised at all, it should have been done before the
justice.

The decree of the circuit court is reversed, and the cause
remanded.

*Reversed.    Remanded.*