# CHARLESTON.

J. P. CLAY *v.* SEYMOUR MEADOWS, *doing business as Electric Maid Bake Shop*

(No. 5374)

Submitted September 15, 1925. Decided November 24, 1925.

JUSTICES OF THE PEACE—*Creditors May Combine Items Maturing at Different Dates Into Units Aggregating Not More Than Three Hundred Dollars and Maintain Several Actions Before Justice of the Peace.*

When the individual items of an account are sold upon stated periods of credit maturing at different times, the sales are considered separate and distinct and, the terms of credit having expired, the creditor may, by combining as many of the items as possible into units aggregating not more than $300.00, maintain several actions thereon before a justice.

LIVELY, PRESIDENT, absent.

(Justices of the Peace, 35 C. J. § 90.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Raleigh County.

Action by J. P. Clay against Seymour Meadows, doing business as the Electric Maid Bake Shop. After a judgment for plaintiff in a justice of the peace court, defendant appealed to the circuit court, and after its judgment for plaintiff, defendant brings error.

*Affirmed.*

M. L. *Painter,* for plaintiff in error.
W. H. *File,* for defendant in error.

LITZ, JUDGE:

On March 4, 1924, the plaintiff brought two actions against the defendant before a justice of the peace for the collection of $498.50, the purchase price of flour sold and delivered

by the plaintiff to the defendant from November 1, 1923, to January 21, 1924. One suit was for $276.00, covering bills due February 1, 1924, for flour sold and delivered from January 2 to 18, 1924; the other for the remainder of the claim, covering bills due December 1, 1923, and January 1, 1924, for flour sold and delivered during November and December, 1923, and bills due on the delivery of the merchandise for flour sold and delivered January 19 and 21, 1924. On the trial of the first case judgment was entered for the plaintiff. When the second action was called for trial defendant interposed a special plea in bar based on that part of Section 48, Chapter 50, Code, providing that:

> "When the plaintiff has several demands against the same defendant founded on contract, express or implied, he must bring his action for the whole amount due and payable at the time such action is brought, whether the demands be such as might have been heretofore joined in the same action or not. If he bring his action for part only, the judgment in the suit, whether for or against him, shall bar him from recovering the remainder."

Disregarding the plea, the justice entered judgment in this suit against defendant. Upon his appeal to the circuit court, the defendant, again relying on the plea, at the conclusion of the proof before the jury demurred to the evidence. Thereupon the jury returned an alternative verdict in favor of the plaintiff or defendant depending upon the law to be determined by the court. Final judgment was rendered on the verdict in favor of plaintiff against defendant in the sum of $231.95.

The question for solution is whether or not the plaintiff may, by dividing his account, maintain two actions before the justice.

In *Grocery Co.* v. *McClaugherty*, 46 W. Va. 419, it was adjudged that a party having two separate demands against another, aggregating more than $300.00, is not precluded by Section 48, Chapter 50, Code, from maintaining separate actions on each claim. In that case the plaintiff held two notes

which, together, exceeded $300.00. Judgment recovered on one before a justice was ineffectually pleaded in bar of an action brought in the circuit court on the other.

*Bank* v. *Wood*, 60 W. Va. 617, involving separate actions before a justice on two notes executed by the defendant to the plaintiff and exceeding in the aggregate more than $300.00, also construed the statute as applying only where the aggregate of the several demands of the plaintiff against the defendant does not exceed the jurisdiction of the justice.

It will be observed that this case presents the question, not involved in either of the former decisions, as to whether or not items of an account, due on different dates, may be treated as separate demands even after all have matured.

The weight of authority,—at least numerically considered, —appears to hold that, when the individual items of an account are sold upon stated periods of credit, the sales are considered separate and distinct, and, the terms of credit having expired, the creditor may bring a separate action on each separate sale, though at the time of the first suit all the credits have expired.

The leading case of *Stickel* v. *Steele*, 41 Mich. 350, 1 N. W. 1046, cited with approval in *Grocery Co.* v. *McClaugherty, supra,* involved the sale on the same day of two separate bills of merchandise on credit maturing at different dates. In the opinion of the court, deciding that each bill constituted a separate demand even after they had both become due, Judge Cooley says:

> "The two bills might have been embraced in one action, but, as the aggregate amount exceeded the jurisdiction of a justice of the peace, we probably have in this fact an explanation of the two suits. We think the plaintiffs had a legal right to bring the two suits. The justice refused to give costs in the second suit, and the course taken has been favorable to the debtor, instead of being oppressive. He has been sued in an inexpensive court, and would have been saved the costs of a suit in the court of general jurisdiction but for the certiorari".

We are of opinion to adopt the view sustaining the right of defendant to treat the various items of his account, maturing at different times, as constituting separate demands, and by combining as many as possible into units, aggregating not more than $300.00, to maintain several actions thereon before the justice.

Individual members of the court entertain the view that the decisions in the McClaugherty and Wood cases, construing the statute, are not consonant with correct principle; but feel that in as much as these rulings have been accepted as the law, less harm will be done by approving than disapproving them.

The judgment of the circuit court will therefore be

*Affirmed.*