STATE *ex rel.* ROY E. SHAWVER, *et al.*

*v.*

CLAUDE H. CASTO, J. P., *et al.*

(No. 10448)

Submitted January 9, 1952.  Decided January 29, 1952.

GIVEN, JUDGE, dissenting.

*J. Raymond Gordon,* for relators.
*Lee M. Kenna,* for respondents.

LOVINS, JUDGE:

This Court awarded Roy E. Shawver and Alma M. Shawver a rule in prohibition requiring Claude H. Casto, Justice of Union District, Kanawha County, West Vir-

ginia, and Earl R. Comstock, to show cause why a writ of prohibition should not issue against them.

There is no dispute in this proceeding as to the facts. Petitioners purchased various articles of merchandise from Comstock on open account. The dealings extended from August 9, 1949, to and including November 30, 1950. The total amount of such purchases was $834.92. Petitioners made payments on the account up to and including November 30, 1950, amounting to $102.92, leaving a balance due on the account of $732.00.

On November 30, 1950, Comstock went to Casto, the justice, and brought three actions for the recovery of the balance due on the account—two for $300.00 each, and one for $132.00. Though personally served with process concerning such actions, the Shawvers made no appearance. The justice, on December 7, 1950, attempted to render two judgments against petitioners for $300.00 each and costs, and one judgment for $132.00 and costs. One of the alleged judgments for $300.00 was recorded in the justice's docket at page seven, another for $300.00 was recorded at page eight of the docket, and one for $132.00 was recorded at page nine thereof. It seems that the alleged judgment recorded at page seven of the docket, together with $14.19 costs, has been paid.

The answers of defendants allege that the Shawvers, on August 9, 1949, purchased a refrigerator, the total charge for which was $264.69, after deducting an allowance for certain goods traded in; that on August 17, 1949, they purchased a washing machine on which there was a balance owing of $173.34; that on November 25, 1949, they purchased a range and heater amounting to $192.20; that on December 1, 1949, they purchased various articles of merchandise amounting to $22.73; and that there was an additional charge of $30.60 for other merchandise purchased by them on January 6, 1950. The total cost of merchandise purchased, together with other charges, amounted to $828.26.

It is alleged in Comstock's answer that no controversy existed as to the accuracy of the charges or the quality of the merchandise, and that on November 30, 1950, the balance due from the Shawvers to him was $732.54. The Shawvers arranged to pay Comstock certain bi-monthly payments, the amount of which was later increased to $30.00 each month. A conditional sales contract, covering all the items of merchandise sold by Comstock to the Shawvers, was executed by the purchasers on March 15, 1950, which required the purchasers to pay $30.00 per month. In his answer, Comstock alleges that after the alleged judgments were rendered, the justice was directed to refrain from the issuance of execution thereon so long as semi-monthly payments of $15.00 were made.

It seems that after this arrangement was made, on or about the first of August, 1951, a controversy arose between petitioners and Comstock and a short time after such controversy arose the justice was directed to issue executions. After December 7, 1950, petitioners made various payments to the justice, which they did not direct to be applied to any one of the alleged judgments.

No appeal was taken to the judgments, nor was any objection interposed as to the three actions mentioned above.

Petitioners contend that the alleged judgment, recorded at page seven of the justice's docket, is valid; that they have paid the costs; and that the other two alleged judgments of $300.00 and $132.00 each are void, the justice having been without jurisdiction to render them.

The Shawvers inferentially contend that they are discharged from payment of the residue of the account on the ground that Comstock waived the payment thereof by taking void judgments.

Comstock and the justice contend that the petitioners, by their conduct, in failing to appear to the three actions and objecting thereto, consented to the splitting of the account into three parts, and that when such account was

so divided, the justice had jurisdiction to render the three judgments, and further, that if such consent to the splitting of the cause of action was not sufficient to give the justice jurisdiction, all the judgments are void.

These contentions raise the following questions: (1) Did the justice have jurisdiction of the subject matter? (2) Was the implied consent by the debtors to splitting the cause of action sufficient to confer jurisdiction on the justice? (3) Is one of the judgments valid and are the others void, or are they all void?

Jurisdiction of a court consists of three elements— venue, jurisdiction of the person, and jurisdiction of the subject matter. In this proceeding there is no question about venue being proper, nor is jurisdiction of the persons of the Shawvers challenged. Hence, we are concerned solely with the question of whether the justice had jurisdiction of the subject matter.

The civil jurisdiction of a justice rests upon the provisions of Section 28 of Article VIII of the Constitution of this state, which provides that a justice shall have jurisdiction over "actions of assumpsit, debt * * * if the amount claimed, exclusive of interest, does not exceed three hundred dollars * * *", and upon Code, 50-2-1, sub-paragraph (a). *Johnston* v. *Hunter*, 50 W.Va. 52, 57, 40 S.E. 448; *Roberts* v. *Hickory Camp Coal & Coke Co.*, 58 W.Va. 276, 52 S.E. 182; *Corporation* v. *Ballard*, 101 W.Va. 591, 133 S.E. 316; *Hastings* v. *Finney*, 119 W.Va. 301, 193 S.E. 444.

If the principal amount claimed by the plaintiff exceeds three hundred dollars, the action must be dismissed and the costs adjudged against the plaintiff unless the plaintiff remits the excess of principal above three hundred dollars in writing in form and effect as follows: "The plaintiff, in this action, forgives and remits to the defendant so much of the principal of this claim as is in excess of three hundred dollars, together with the interest on said excess." Code, 50-2-7.

In *Mitchell* v. *Davis*, 73 W.Va. 352, 80 S.E. 491, it was

held that the amount named in the summons determines the jurisdiction, but if the plaintiff's claim exceeds three hundred dollars the plaintiff may release all in excess of that sum and sue for the remainder, but he may not divide his claim and bring separate suits. To the same effect: *Bodley* v. *Archibald,* 33 W.Va. 229, 10 S.E. 392, where it was held that the lack of jurisdiction may be shown by matters outside the proceedings in the justice's court. In this case there was no effort made to release the $432.00 still due on open account after the rendition of the alleged judgment recorded at page seven of the justice's docket.

Opinions of this Court disclose that in some instances litigants have attempted to confer jurisdiction on justices by giving fictitious credits or by dividing or splitting the cause of action. There is no question as to fictitious credits in the instant case. Here, defendants in their brief admit that Comstock had a single cause of action.

Splitting of a cause of action and bringing a suit for part thereof was forbidden at common law. In such instances the creditor holding such claim was precluded from recovering the balance of his demand. *McDowell County Bank* v. *Wood,* 60 W.Va. 617, 55 S.E. 753. Formerly, a plaintiff was required to bring an action for all due him in certain instances, and if he brought his suit for part only, whether the judgment was for or against him, he was barred from recovering the remainder. Chapter 50, Section 48, Code, 1923. In the Code of 1931 the statute was so revised that a plaintiff is now required in certain circumstances to bring his action for the full amount due and if he fails to do so, he is barred from the recovery of costs on the claim not embraced in his first action. Code, 50-4-18.

Where there are two or more separate demands against the defendant, as in *Grocery Co.* v. *McClaugherty,* 46 W.Va. 419, 33 S.E. 252, and *McDowell County Bank* v. *Wood, supra,* separate actions are permitted. The opinions of this Court in *Grocery Co.* v. *McClaugherty, supra,* and

*McDowell County Bank* v. *Wood, supra,* are criticized in a subsequent case. See *Clay* v. *Meadows,* 100 W.Va. 487, 130 S.E. 656.

The case of *Stickel* v. *Steel* (Mich.), 1 N.W. 1046, is cited with approval in the cases decided by this Court. It was held in the *Stickel* case that separate suits may be maintained to recover the amounts due on two bills of goods sold by the plaintiff to defendant·on the same day, one on terms of credit of four months from the fifteenth day of September following, and the other on terms of credit of four months from the first day of October following. We have no question of separate demands in this proceeding. Comstock and the Shawvers, after the debt was contracted and all merchandise delivered, seem to have treated it as a single open account.

We are of the opinion that Comstock, having one inseparable demand against the Shawvers, split the cause of action for the purpose of giving the justice jurisdiction. See *Hale* v. *Town of Weston,* 40 W.Va. 313, 21 S.E. 742; *Wells* v. *Life Ins. Co.,* 41 W.Va. 131, 23 S. E. 527; *Richmond* v. *Henderson,* 48 W.Va. 389, 37 S.E. 653.

Comstock and the justice in their brief contend that this is not a question of jurisdiction of the justice, but is a question of the splitting of the cause of action by consent of the debtors. We are cited to the case of *Fentress, et al.* v. *Pruden* (Va.), 39 S.E. 2d 240, which, in effect, holds that consent to splitting of a cause of action is for the benefit of the defendant who may waive or renounce, the benefits of the rule by expressly or impliedly consenting to institution of separate actions on a single demand or cause, and such waiver will be presumed, unless timely and proper objection is made. We are not disposed to follow that principle. A consent to splitting a cause of action so as to bring it within the jurisdiction of a justice amounts to conferring jurisdiction on a court by consent of one or both of the parties, which it otherwise would not have. This Court has held that while jurisdiction of a person may be conferred by consent, jurisdiction of the

subject matter can only be conferred by law. *Yates* v. *Taylor County Court,* 47 W.Va. 376, 35 S.E. 24; *Hartford* v. *Davis,* 107 W.Va. 693, 150 S.E. 141; *Hustead* v. *Boggess,* 122 W.Va. 493, 12 S.E. 2d 514; *Sidney C. Smith Corporation, et al.* v. *Dailey, Judge, et al.,* 136 W. Va. 380, 67 S.E. 2d 523.

We note that the alleged consent to splitting the cause of action rests in part upon the conduct of the Shawvers after the alleged judgments were rendered, and the consent is implied from such conduct. We hold that consent to splitting of a cause of action will not and does not confer jurisdiction on a justice denied him by the organic and statutory law of this state as well as the holdings of this Court.

We are of opinion that the justice had no jurisdiction to render any of the three alleged judgments and therefore that all three judgments rendered by him are void. The judgments being void, Comstock is not entitled to collect any costs from the Shawvers. The account due Comstock remains at $732.00, subject to credits since that balance was ascertained. The payment of costs, if any, made by the Shawvers should be credited on the account rather than on the costs. We express no opinion, however, as to the respective rights of Comstock and the Shawvers relative to the amount and collection of the alleged debt.

From what has been said, it follows that the writ of prohibition will issue prohibiting the justice and the creditor from enforcing any of the three judgments rendered by the justice on December 7, 1950.

*Writ awarded.*

GIVEN, JUDGE, dissenting:

I would award the writ as to the second and third judgments, but deny it as to the first.

The record clearly discloses that the first judgment was fully satisfied, final payment thereon having been obtained by way of suggestee execution. To permit a plain-

tiff to obtain judgment, collect the same in full and then return to court and contend that his judgment is void, is to permit abuse of process of the court. I find nothing in the statutes requiring or permitting any such action. In *Bodley* v. *Archibald,* 33 W. Va. 229, 10 S. E. 392, Point 2, syllabus, this Court held: "Where a claim for an amount exceeding the limit of a justice's jurisdiction, due to two or more persons jointly upon a single contract, is by the creditors, without the consent of the debtor, divided and apportioned among the creditors so that the amount assigned to each is within the jurisdiction of a justice, and one or more of the creditors sues on his portion before a justice and obtains judgment thereon, prohibition will lie, *after judgment and before satisfaction, to prevent the justice and the creditor from enforcing such judgment.*" (Emphasis supplied).

I can not agree that the claim of Comstock for seven hundred and thirty two dollars constituted a single cause of action. As indicated in the majority opinion, several purchases were made on different dates, merely on an open account. Code, 50-4-18, reads in part: "When the plaintiff has several demands against the same defendant founded on open accounts or on any other contract, express or implied, he shall bring his action for the whole amount due and payable at the time such action is brought, whether the demands be such as might have been heretofore joined in the same action or not. If he brings his action for part only, and such demands do not exceed in the aggregate three hundred dollars, or, in case they do exceed that amount, and the demands are such as could be joined in one action in a court of record having jurisdiction, he shall not recover costs in any subsequent action on the claims not so embraced. * * *." Several demands "on open account" are precisely what Comstock had against Shawver—not "one inseparable demand". The fact that the parties may have believed that only one cause of action existed, or "admitted" or treated the several demands as a single cause of action, can not affect the clear meaning of the statute quoted, and, as pointed out

by the majority, jurisdiction of a court can not be obtained by agreement of the parties.

The provision of Code, 50-4-18, quoted above, that "if he bring his action for part only, and such *demands* do not ·exceed in the *aggregate* three hundred dollars", clearly authorizes, I think, a plaintiff to include in one action as ·many demands as he may have, so long as the aggregate amount of the claims does not exceed three hundred dollars. *Flat Top Grocery Co.* v. *McClaugherty,* 46 W. Va. ·419, 33 S. E. 252. But this does not mean that a plaintiff can split a demand in order to bring the amount sued for within the three hundred dollar limitation of the juris·diction of a justice, fixed by the Constitution. Since the aggregate amounts of no claims or demands of Comstock ·exactly equalled three hundred dollars, the amount of the ·second judgment, or one hundred and thirty two dollars, the amount of the third judgment, it is clear that there was a splitting of demands as to those two judgments, rendering them void.

Being of these views, I respectfully dissent.