# CHARLESTON.

Morris Rosenbloom & Company v. John D. Russ, *et al.*,
*Defendants Below,* Wirt Russ, *Appellant.*

(No. 5755)

Submitted February 8, 1927. Decided February 15, 1927.

Fraudulent Conveyances—*Creditor Suing to Enforce Lien Must
Prove Alleged Fraud Between Mother and Son in Creation
of Prior Judgment Lien; That Common Debtor Was Mother
of Prior Lienor, Who Roomed and Boarded With Her, Does
Not Shift Burden From Creditor to Prove Prior Lien
Fraudulent.*

Where in a creditor's suit to enforce a lien against real
estate the plaintiff charges that a prior judgment lien was
fraudulently obtained and was the result of a scheme en-
tered into between the prior lienor and the common debtor
with intent to hinder, delay and defraud plaintiff in the col-
lection of its debt, and as a badge of fraud charges that the
prior lienor is a son of the common debtor (his mother); and
the answers deny every material allegation of the bill, ex-
hibiting therewith documentary evidence of the *bona fides* of
the transaction between the mother and son; the burden of
proof rests upon plaintiff to maintain the allegations of the
bill in respect to the *mala fides* of the prior lien attacked. The
mere relationship of parent and son does not shift the burden
from plaintiff to defendant, even though the son roomed and
boarded with the parent when the debt was incurred and re-
duced to the prior lien.

(Fraudulent Conveyances, 27 C. J. § 716.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Appeal from Circuit Court, Roane County.

Suit by Morris Rosenbloom & Co., against Wirt Russ and
others. From a decree for plaintiff, defendant Wirt Russ
appeals.

*Affirmed in part; reversed in part; remanded.*

*S. P. Bell,* for appellant.
*Harper & Baker,* for appellee.

LIVELY, JUDGE:

This is a chancery suit by Morris Rosenbloom & Company against Wirt Russ et als. to have certain judgments obtained by Wirt Russ against John D. Russ and Grace Russ, set aside insofar as the plaintiff's judgment is concerned, and to have the real estate of Grace Russ sold to satisfy plaintiff's debt. Upon the submission of the cause upon bill, supplemental and amended bill, and answers and general replication thereto, the trial chancellor found in favor of the plaintiff, and defendant Wirt Russ prosecutes this appeal.

The plaintiff company alleges in its bill and supplemental and amended bill, that on Sept. 24, 1925, plaintiff obtained judgment for $812.10 against John D. Russ and Grace Russ; that on Sept. 11, 1925, Wirt Russ obtained nine several judgments before a justice of the peace, against his father and mother, the said John and Grace Russ, these judgments being obtained upon notes signed by John D. Russ and Grace Russ as makers, payable to Wirt Russ; that the mother and father and their son Wirt knew of the pendency of plaintiff's notice of motion for judgment at the time Wirt Russ secured his judgments before a justice of the peace, and that these nine suits were brought and judgment suffered to be taken by John D. and Grace Russ in pursuance of a fraudulent scheme entered into by the Russes to hinder, delay and defraud plaintiff in the collection of its judgment; that the notes upon which judgment was taken by Wirt, dated between 1920 and 1925, were never written or signed until the month of September, 1925, and after the three Russes had notice that plaintiff intended to obtain its judgment; and that there were no valid and existing debts upon which Wirt Russ was entitled to take judgment against his mother and father at the time his judgments were obtained. It is further averred that Grace Russ is the owner of a house and lot in Spencer, West Virginia; that there is an alleged paving lien against this property for $163.00, and a deed of trust thereon to secure the Roane County Bank the payment of $1,832.00; that the three Russes have continually lived together, and that the support of the family is provided by the joint efforts of all

of them, the father and mother being silversmiths and opticians and retail jewelers, and the son Wirt, a young man of about thirty years, being employed in the Spencer office of the United Fuel Gas Company; that John D. Russ and Wirt Russ have each maintained checking accounts at one or more of the banks at Spencer, and that by common consent the overdrafts of John D. Russ were paid out of his son's account; that the father and mother drew checks on Wirt Russ' account in his own name; that the sums represented by the checks exhibited with the answer of Wirt Russ were paid by him for the benefit of all of the members of the family; that at neither the time these payments were made nor at any time since was it agreed between the Russes that Wirt was to be repaid these sums. It is further charged that John and Grace Russ were insolvent at the time they suffered the judgments to be taken against them by Wirt, and have been insolvent since that time, and that the fact of this insolvency was known to Wirt when he took judgment against them, and that these judgments were obtained by him for the purpose of obtaining a preference and with the intention of defrauding the other creditors of John D. and Grace Russ, and particularly the plaintiff.

Plaintiff prays that the judgments taken by Wirt Russ against his parents be set aside and held to be fraudulent and void insofar as its judgment is concerned, as having been suffered and permitted to be obtained by the Russes with the intent, to hinder, delay and defraud the plaintiff in the collection of its judgment, and as creating a preference in favor of Wirt Russ; that the house and lot belonging to Grace Russ be decreed to be sold and the proceeds of the sale applied to the satisfaction of plaintiff's judgment, and for general relief.

In the separate answers of Wirt Russ and in the joint and several answers of John D. Russ and Grace Russ to the plaintiff's original and amended bill, it is admitted that John D. Russ and Grace Russ knew of the pendency of plaintiff's notice of motion for judgment at the time they suffered the judgments of Wirt Russ to be taken against them; but it is

denied that Wirt Russ knew when said notice was served on his father and mother; it is denied that the family is supported by the joint efforts of the three persons comprising it; it is also denied that Wirt Russ, John D. Russ and Grace Russ, when they learned of proceedings by plaintiff to enforce its judgment, or at any time, planned together with the intention of devising some scheme in the furtherance of which John D. Russ and Grace Russ suffered and permitted the said several judgments to be taken against them by Wirt Russ, with the intent to hinder, delay and defraud the plaintiff in the collection of its judgment. It is averred that Wirt Russ subsequent to his return from the army during the late World War has held a lucrative office position with the United Fuel Gas Company at Spencer, West Virginia; that he has been living with his parents and paying them for his board; that for several years the jewelry and optical business of John D. Russ and Grace Russ has not been prospering as well as it might have, due in part to the ill health of John Russ, and to the number of jewelry stores in Spencer, and during this period, Wirt Russ out of his salary received from the Gas Company and money saved by him advanced certain sums to his father and mother, which money was used in paying the rent of the jewelry store and for other expenses connected with said business; that these payments covering a period of about five years, beginning in 1920 and ending in 1925, were represented by checks drawn by Wirt Russ, payable to the order of John Russ and various creditors of the jewelry and optical business; that after several of such payments had been made a note covering the total amount then due, would be executed by John D. Russ and Grace Russ as makers, payable to Wirt Russ; that all of these notes (exhibits of which notes and the aforementioned checks were filed as exhibits with Wirt Russ' answer), represented bona fide obligations on the part of John D. Russ and Grace Russ at the time they were executed, and had it not been for these loans from their son, the parents could not have withstood the financial stress and strain experienced by them in the conduct of their business during this trying period. It is

denied that the notes upon which judgment was later taken by Wirt Russ, were never written or signed until September, 1925, and that they were not written or signed until it was known that the plaintiff would move for judgment. It is denied that Grace Russ is or has been insolvent, and it is averred that the real estate owned by her and sought to be sold in this suit is of greater value than all of her indebtedness, including the indebtedness of the plaintiff; and it is denied that the judgments of Wirt Russ constitute a preference in his favor in fraud of the rights of any other creditors. It is also denied that it has been the practice for overdrafts of John D. Russ to be paid out of the funds of Wirt Russ; and it is averred that when this has occurred, it has only been done after special arrangements have been made to so charge Wirt Russ' account, and after John D. and Grace Russ have agreed with Wirt that they would repay him the amount of said check. It is further denied that John D. or Grace Russ, or either of them, at any time they desired to do so, drew checks upon the bank account of their son Wirt.

The plaintiff replied generally to the answers of the defendants, and moved for the submission of the cause upon the pleadings. The court sustained the motion of the plaintiff, and overruled a motion by defendant Wirt Russ to continue the case in order that he might take evidence in support of his answers to the plaintiff's bill and amended and supplemental bill. Thereupon the cause was heard upon the pleadings, with the result hereinbefore detailed; and the cause was referred to a commissioner to ascertain and report the liens in the order of dignity and priority, and to determine whether the real estate would in five years rent for a sufficient sum to pay off and discharge said liens and the costs of this suit.

In determining the correctness of the court's decree granting plaintiff the relief prayed for in its bill and amended bill, it becomes necessary to decide upon whom the burden of proof in this case rested. This is the controlling question.

It is contended by plaintiff's counsel that the relation of John D. Russ, Grace Russ and Wirt Russ to each other, and the intimate family association casts upon Wirt Russ the burden of showing the good faith of the transactions between him and his father and mother leading up to and in taking the nine judgments against them, and that his failure to prove clearly and fully that such transactions were bona fide and free from any design or intent to hinder, delay or defraud the plaintiff in the collection of its judgment, constitutes a badge of fraud, and the plaintiff was entitled to have his judgments set aside insofar as its judgment is concerned.

The general rule is that the burden rests upon the party seeking to have a conveyance or charge set aside as being in fraud of his rights, to prove that the conveyance or charge was in fact fraudulent. An exception to the rule is recognized in certain instances where the alleged fraudulent transfer or charge arises out of transactions between near relatives. A clear statement of this exception is found in 27 C. J. Sec. 716, page 790, where it is said: ''In accordance with the rules already discussed, as regards the effect of the relationship of the parties on the fraudulent nature of conveyance and transfers, in most jurisdictions the fact that the alleged fraudulent transfer is between relatives does not change the rule as to the burden of proof, except where the relationship is that of husband and wife, in which case the rule is affected by special considerations not applicable to other degrees of relationship. The view taken in these decisions is that it does not raise a presumption of fraud but at most is calculated to awaken suspicion and cause the transaction to be closely scrutinized; and other circumstances in addition to the relationship of the parties must appear in order to raise a presumption of fraud.'' In *Miller* v. *Correll,* 97 W. Va. 215, we said, ''A conveyance of land between near relatives is not a badge of fraud when such conveyance is attacked by creditors, though it may require less proof to show fraud than where such relationship does not exist.'' See also *Bierne* v. *Ray,* 37 W. Va. 571; Bigelow on Fraudulent Conveyances (Revised Edition), page 222.

Do the pleadings in this case show the existence of suffi-
cient uncontroverted facts and circumstances, which, when
coupled with the near relationship of the parties, would place
upon the defendants the burden of establishing that the al-
leged fraudulent charges were free from fraud? It will be
noted that all the material allegations in plaintiff's bill and
amended bill are denied by defendants' answers thereto. The
only allegations with respect to the rendition of the judg-
ments attacked not denied, were the relationship of the par-
ties, the fact that they were living together, and the insol-
vency of John D. Russ. However, the insolvency of his as-
sociate in business, Grace Russ, is denied, and it is her real
estate which is sought to be subjected to the payment of plain-
tiff's judgment. All the averments that defendants had suf-
fered the judgments of Wirt Russ to be obtained in further
ance of a plan to hinder, delay or defraud plaintiff in the
collection of its judgment, or to create a preference in favor
of Wirt Russ, are denied. Explanation of the origination
of the debts represented by Wirt Russ' judgments was made
in the answers, and the checks and notes representing the
various items of indebtedness were filed as exhibits with Wirt
Russ' answer. A number of these notes were dated prior to
those sued on by the plaintiff. We do not believe the rela-
tionship of the parties, coupled with the circumstances that
the Russes were living together as members of the same fam-
ily, is sufficient to place a badge of fraud upon the action of
defendants John D. and Grace Russ in suffering Wirt Russ
to obtain his judgments against them. The plaintiff has
elected to have the cause tried upon the pleadings, and the
pleadings do not make out a case against the defendants in
respect to fraudulent or attempted preference in the rendi-
tion of the said judgments in favor of Wirt Russ. The decree
in that respect should have been in favor of Wirt Russ, up-
holding and sustaining his said judgments as valid and prior
liens on the property of Grace Russ insofar as plaintiff's
judgment is concerned.

That part of the decree of the trial court setting aside the nine several judgments obtained by Wirt Russ insofar as the plaintiff's judgment is concerned, will be reversed, and the decree will be affirmed in all other respects.

*Affirmed in part; reversed in part; remanded.*