# CHARLESTON.

C. F. CLINE, *Who Sues, etc.* v. DANIEL COMER *et al.*

(No. 6444)

Submitted October 23, 1929. Decided October 29, 1929.

M. C. Archer and J. L. Wolfe, for appellants.
T. J. Sayre and K. K. Hyre, for appellees.

LITZ, JUDGE:

May 11, 1926, D. E. Comer recovered five judgments of $250.00 and one of $296.77 against his father and mother, Daniel Comer and M. A. Comer, before a justice of the peace. This suit was instituted in February, 1927, by C. F. Cline, a subsequent judgment creditor of Daniel and M. A. Comer, on behalf of himself and other lien creditors to set aside the first named judgments on the grounds that they had been secured, without consideration, for the purpose of hindering, delaying and defrauding the bona fide creditors of the judgment debtors, and that the justice, in rendering them, exceeded his jurisdiction. The defendants, D. E. Comer and M. A. Comer, have appealed from the decree of the circuit court setting aside the judgments in question in so far as they affect the claims of other creditors of Daniel and M. A. Comer.

The plaintiff relies chiefly upon the relationship of the parties to prove the alleged fraud. The consideration of the judgments attacked consists of numerous loans of money from D. E. Comer to his parents during the years 1923, 1924, 1925 and 1926, clearly established by contemporaneous letters, checks and receipts. The situation in this case is similar to that presented in Rosenbloom & Co. v. Russ, 103 W. Va. 203, which held: "Where in a creditors' suit to enforce a lien against real estate, the plaintiff charges that a prior judgment lien was fraudulently obtained and was the result of a scheme entered into between the prior lienor and the common debtor with intent to hinder, delay and defraud plaintiff in the collection of its debt, and as a badge of fraud charges that the prior lienor is a son of the common debtor (his mother); and the answers deny every material allegation of the bill, ex-

hibiting therewith documentary evidence of the *bona fides* of the transaction between the mother and son; the burden of proof rests upon plaintiff to maintain the allegation of the bill in respect to the *mala fides* of the prior lien attacked. The mere relationship of parent and son does not shift the burden from plaintiff to defendant, even though the son roomed and boarded with the parent when the debt was incurred, and reduced to the prior lien.'' The son, in this case, was single, living away from home, and earning good wages.

With the view (as the evidence discloses) of recovering judgment immediately for these loans, D. E. Comer obtained from his parents a note of $1,551.77, April 13, 1926, and promptly delivered it for collection to an attorney, who, realizing that the sum was in excess of the jurisdictional amount before a justice, at once secured five notes of $250.00 each and one for $296.77 in lieu of the original. It is contended that the institution of the several actions for the respective amounts stated in the substituted notes, constituted the splitting of a cause of action involving a sum in excess of the jurisdictional amount of a justice. It was held in *Clay* v. *Meadows*, 100 W. Va. 487, that if the individual items of a store account are sold upon stated periods of credit maturing at different times, each sale constitutes a separate claim, and, the terms of credit having expired, the creditor may, by combining as many of the items as possible into units aggregating not more than $300.00, recover on them before a justice. So, in this case, we are of opinion that each of the several loans should be regarded as a separate and distinct claim; and the purpose in obtaining the original note being to recover judgment immediately on the primary indebtedness, the subsequent action of the parties in substituting the several notes for the original in furtherance of this purpose, did not constitute the splitting of a cause of action.

The decree complained of is reversed and the cause remanded.

*Reversed and remanded.*