J. H. BANE, *Receiver of the Kingwood National Bank v.*
G. HITE WILSON *et al.*

(CC 546)

Submitted January 14, 1936. Decided January 28, 1936.

*Charles P. Wilhelm* and *F. E. Parrack*, for plaintiff.
*J. V. Gibson* and *I. R. Mattingly*, for defendants.

WOODS, JUDGE:

This certificate involves the sufficiency of the several answers, as amended, of The Farmers & Merchants Bank of Reedsville and The First National Bank of Albright, and the joint answer of S. D. Albright and D. B. Albright, officers of the last-mentioned bank, the circuit court of Preston county having sustained the demurrer to the first, sustained in part and overruled in part the demurrer to the second, and overruled the demurrer to the third.

The bill, the purpose of which was to have a number of confessed judgments against G. Hite Wilson set aside as in fraud of plaintiff's subsequent judgment in circuit court against the same defendant on a certain stock as-

sessment, charges, among other things, the lack of jurisdiction of the justice of the peace before whom said confessed judgments were taken, due to the splitting of demands, it being alleged that The Farmers & Merchants Bank of Reedsville split its two demands of $2,000.00 and $800.00, respectively, into ten notes of $280.00 each; that the three notes, to-wit, $250.00, $250.00 and $240.00, respectively, declared on by The First National Bank of Albright were but divisions of a larger debt, and formerly evidenced by notes more on their face than $300.00; and that the two Albrights were acting as agents of the latter defendant bank in the collection on notes for $290.00 and $295.00, respectively.

The answer, as amended, of the first-mentioned defendant, admits that on March 3, 1932, demand notes, in the sum of $2,000.00 and $800.00, respectively, were executed in lieu of former notes, representing indebtedness of like amount incurred in 1920 and 1925, respectively; that discount had been paid on said demand notes to January 3, 1933; that on the latter date, it sent ten notes to Wilson to execute in lieu of said demand notes; that Wilson executed the same but did not get additional endorsements on any of said notes, as directed; that learning, from notation on check going through defendant's bank, that plaintiff was instituting action, defendant immediately secured counsel and instituted suits on the ten several notes; that same was instituted before T. A. Wilson (a brother of G. Hite Wilson), justice, because of convenience to attorney; that Wilson, prior to date set for trial, and without bank's knowledge, came in and confessed judgment in each of said cases on February 7th; and that thereafter liens were properly perfected.

The First National Bank of Albright answered that one of its loans to Wilson, as reflected by its books, is shown to have been made in 1921 in the sum of $500.00; that another (amount not given) was made in 1930, and that the third, amounting to $155.45 was originally part of a larger debt, a part of which had been paid by sale of collateral; that in March, 1932, all of said notes and

loans and the balances thereon were combined into what is known in banking parlance as a "demand note" and interest paid thereon from time to time up to and including January 3, 1933; that on the latter date, the amount represented by the demand note was divided into the three notes upon which it later secured the three confessed judgments; and, further, that the Albrights in their individual suits on notes of $290.00 and $295.00, respectively, were not agents of said bank.

S. D. Albright and D. B. Albright, in their joint answer, deny that their respective judgments were on demands due the bank, etc.; they aver therein that the two actions were based on two notes of $250.00 each, given to S. D. Albright by G. Hite Wilson, in exchange for a loan of $500.00; that one of these notes was assigned by the payee to D. B. Albright; and that said claims, with interest and credits considered, amounted, on date of judgment, to the amounts for which judgments were taken.

It must be recognized at the outset that a justice of the peace in this state cannot, under any pretext of acquiescence of the parties, acquire jurisdiction beyond three hundred dollars. Article 8, Section 28, Constitution of West Virginia; Code 1931, 50-4-18. According to our decisions, a debt, in its inception in excess of the jurisdiction of a justice of the peace, may not be split into particles for the mere purpose of obtaining jurisdiction before a justice of claims exceeding $300.00. *Hugheston Coal Corporation* v. *Hamilton*, 116 W. Va. 450, 181 S. E. 541; *Cline* v. *Comer*, 108 W. Va. 78, 150 S. E. 229; *Rosenbloom* v. *Russ*, 103 W. Va. 203, 136 S. E. 846; *Clay* v. *Meadows*, 100 W. Va. 487, 130 S. E. 656. The only way that one having a claim under contract for more than three hundred dollars may get jurisdiction before a justice is by releasing part of it and declaring on a less sum. *Richmond* v. *Henderson*, 48 W. Va. 389, 37 S. E. 653.

There is nothing in the answer of The Farmers & Merchants Bank to show that any new contract was entered into between that bank and G. Hite Wilson; it

merely shows that the bank, at most was endeavoring to get additional security (Wilson at the time being insolvent, and the collateral on the original demands worthless). The original demands of $2,000.00 and $800.00, respectively, had merely been divided into ten parts. The answer, failing to show affirmatively that the notes declared on constituted new demands, was bad on demurrer.

It appears that the trial court, in dealing with the answer of The First National Bank of Albright, held the same demurrable insofar as the two $250.00 notes were concerned, on the ground that it was apparent that they represented the $500.00 loan of 1921, and upheld the justice's jurisdiction as to the $240.00 note, as representing the remaining indebtedness. This construction was warranted under the general rule that all reasonable inferences are to be construed in favor of the pleader on demurrer.

The joint answer of the Albrights shows clearly that at the time the loan was made, S. D. Albright and the bank entered into two separate contracts, in the amounts of $250.00 each. *McDowell County Bank* v. *Wood*, 60 W. Va. 617, 55 S. E. 753. Hence, the answer was good on demurrer.

It might be said further that the jurisdiction of the justice in the action on the $240.00 note in favor of The First National Bank of Albright, and those of the Albrights in the sum of $290.00 and $295.00, respectively, were not affected by the fact that T. A. Wilson, justice, was a brother of the defendant, G. Hite Wilson, inasmuch as agreements were entered into, after the issuance of summons, in the several cases, waiving any objection to T. A. Wilson's hearing the cases on the ground of relationship.

In view of the foregoing, we are of opinion to affirm the trial court's rulings on the demurrers to the answers referred to herein.

*Rulings Affirmed.*